THE VILLAGE OF OAK LAWN, Plaintiff-Appellant, v. EDWARD ROSE-WELL, Cook County Collector and Treasurer, *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 83—1895

Opinion filed June 12, 1984.—Modified on denial of rehearing December 4, 1984.

DOWNING, J., dissenting.

Klein, Thorpe & Jenkins, Ltd., of Chicago (Arthur C. Thorpe, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Susan Condon, Assistant State's Attorney, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, village of Oak Lawn, brought this action against Edward Rosewell, county collector and county treasurer of Cook County, and the county of Cook, challenging the constitutionality of a statute which authorizes the collection of a penalty on delinquent real estate taxes and the payment of those penalties collected into the county treasury. Plaintiff sought declaratory and injunctive relief, repayment of all such penalties collected by the defendants on behalf of the village and certification of this action as a class action. On July 18, 1983, the trial court granted defendants' motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—615) and entered judgment for defendants. We affirm.

As alleged in plaintiff's amended complaint, section 224 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 705) estab-

lishes a penalty on delinquent real estate taxes which accrues at the rate of 1½% per month, and which is to be paid by the county collector into the county treasury for county purposes. The statute provides:

"All real estate upon which the first installment of taxes for the year 1950 remains unpaid on the first day of July 1951 shall be deemed delinquent as to such first installment and such unpaid first installment shall bear interest after the first day of July 1951, at the rate of 1½% per month until paid or forfeited, and all real estate upon which the first installment of taxes for years subsequent to the year 1950 remains unpaid on the first day of June annually shall be deemed delinquent as to such first installment and except as may be provided pursuant to Section 224.1, and such unpaid first installment shall bear interest after the first day of June annually at the rate of 1½% per month until paid or forfeited; and all real estate upon which the second installment of taxes remains due and unpaid on the first day of September, annually, shall be deemed delinquent as to such second installment, and such unpaid taxes as to such second installment shall bear interest after the first day of September, at the rate of 1½% per month until paid or forfeited. *** And all such collections on account of interest shall be paid into the county treasury to be used for county purposes ***."

Plaintiff alleges that since the effective date of the 1970 Illinois Constitution, the defendants have collected tax funds on behalf of plaintiff and of all units of local government and school districts similarly situated, including interest on delinquent tax bills. Plaintiff further alleges that defendants' retention of the interest on delinquent taxes pursuant to section 224 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 705) violates the provisions of article VII, section 9, of the 1970 Illinois Constitution, which provides in part:

"(a) Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected. Fees may be collected as provided by law and by ordinance and shall be deposited upon receipt with the treasurer of the unit. Fees shall not be based upon funds disbursed or collected, nor upon the levy or extension of taxes." Ill. Const. 1970, art. VII, sec. 9(a).

Defendants moved to dismiss plaintiff's amended complaint for failure to state a claim, based on the fact that the interest authorized by section 224 of the Revenue Act of 1939 did not constitute a "fee"

which was assessed against plaintiff within the meaning of article VII, section 9(a), and that plaintiff therefore lacked standing to bring the instant action because it had no claim to or interest in funds specifically authorized for "county purposes." The trial court granted defendants' motion, and plaintiff appeals.

Plaintiff contends that the late collection charge which is added to delinquent real estate taxes is derived from the tax collection and disbursement process and therefore constitutes a "fee" based upon funds collected in violation of section 9(a) of article VII of the Illinois Constitution. Plaintiff also argues that the retention by the county of interest on late payments of taxes constitutes an unlawful "skim off" whereby the county is receiving a "windfall" that has no relationship to its own tax levying or budgeting process, and that the county's practice violates equal protection by discriminating against those taxing bodies where there are late payments of taxes.

Defendants argue that the statutory penalty at issue, which is imposed directly against delinquent taxpayers, is not a fee charged to local government units and is not, therefore, unconstitutional.

Plaintiff relies principally on language contained in the appellate court's decision in *Board of Commissioners of Wood Dale Public Library District v. County of Du Page* (1982), 107 Ill. App. 3d 409, 437 N.E.2d 923, *aff'd* (1983), 96 Ill. 2d 378 (hereinafter referred to as *Wood Dale I*), which was the first of two appeals in a case involving the collection and retention of interest earned on tax collections which were invested by the county treasurer of Du Page County prior to its distribution of such funds to the taxing body.[1] Plaintiffs there maintained that by withholding interest from the local taxing districts and "diverting" such interest to the county treasury instead, the county was, in effect, charging the districts a "fee" based upon funds collected and on the levy and extension of taxes, in violation of article

---

[1] The decision in *Wood Dale I* has been reconsidered by the trial court and appellate court in light of amendments to section 280 of the Revenue Act of 1939 requiring the distribution of collected tax revenues within 30 days of the due date and 30-day intervals thereafter in counties of less than 3 million persons. The appellate court in *Board of Commissioners of Wood Dale Public Library District v. County of Du Page* (1983), 119 Ill. App. 3d 1085, 457 N.E.2d 1291, declined to construe section 280 to authorize the challenged retention of interest. The court also allowed retrospective relief only to the 1976 filing date of *City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516, 356 N.E.2d 543. The supreme court reversed that portion of the appellate court's opinion granting retrospective relief and remanded with directions to order distribution of the funds from the date of its decision in *Wood Dale I. Board of Commissioners of the Wood Dale Public Library District v. County of Du Page* (1984), 103 Ill. 2d 422.

VII, section 9(a). The appellate court agreed, and rejected an interpretation of the treasurers act (Ill. Rev. Stat. 1979, ch. 36, par. 22.1), which authorized the retention of such interest. The court stated its belief that,

> "*** whether the retention of interest that is challenged here is a prohibited fee according to article VII, section 9(a), should hinge on a consideration of the *policies intended to be served by that provision* rather than on artificial semantic distinctions based on cases decided long before its adoption." (Emphasis added.) (*Board of Commissioners of the Wood Dale Public Library District v. County of Du Page* (1982), 107 Ill. App. 3d 409, 413.)

The appellate court then considered the rationale contained in *City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516, 356 N.E.2d 543, in which the supreme court struck down a portion of the fees and salaries act (Ill. Rev. Stat., 1974 Supp., ch. 53, par. 39(a)) which allowed counties to bill each taxing district within the county for its proportionate share of the costs incurred in extending and collecting taxes. Looking to the constitutional hearings preceding the enactment of article VII, section 9(a), the court in *Bosworth* found that the intention of that provision was "to preclude counties from seeking, in any form, reimbursement from the various taxing bodies for county services rendered in the collection of taxes." (*Board of Commissioners of the Wood Dale Public Library District v. County of Du Page* (1982), 107 Ill. App. 3d 409, 414, citing *City of Joliet v. Bosworth*, 64 Ill. 2d 516, 524, 356 N.E.2d 543.) Recognizing the broad construction which had in the past been given to section 9(a), the *Wood Dale I* court concluded:

> "To be a 'fee' based upon funds collected or upon the levy or extension of taxes, it would seem sufficient that a charge is derived from the tax collection and disbursement process; the interest 'charge' in this case is clearly tied to the collection process, as the interest accrues to the county by virtue of the tax collection process as it is presently structured." (*Board of Commissioners of the Wood Dale Public Library District v. County of Du Page* (1982), 107 Ill. App. 3d 409, 415.)

The court also found that the tax collection process mandated by the treasurers act, if applied to noncounty funds, violated the equal protection clauses of the Federal and Illinois constitutions by allowing counties to receive interest on their collected tax monies while denying the benefit to other local government units. (107 Ill. App. 3d 409, 416.) Plaintiff here reasons that there is no difference in substance between the situation in *Wood Dale I* and the retention of interest on

tax funds for late payment, because, in both instances, money is earned on funds belonging to the local taxing districts and school districts.

Initially, we note that *City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516, 356 N.E.2d 543, and other cases cited by plaintiff, concerned situations, unlike the instant one, where the costs involved were borne directly by the taxing bodies out of their tax proceeds. The situation contemplated in *Bosworth* differs from the case now before us, in which the subject charges are imposed directly against the taxpayers separate from, and in addition to, the taxes at hand. Our courts have long held that such sums imposed during delinquency as an addition to the taxes are in legal effect "penalties," even though they are called "interest," (*People v. Nash* (1936), 364 Ill. 224, 233, 4 N.E.2d 101 (Shaw, J., dissenting), citing *People ex rel. Johnson v. Peacock* (1881), 98 Ill. 172; see also *United States v. Nelson* (N.D. Ill. 1949), 91 F. Supp. 557), and have recognized them to be "a form of coercion, to induce the owners of property to pay the taxes with reasonable promptness." *People v. Kamm* (1964), 48 Ill. App. 2d 447, 448, 199 N.E.2d 645.

In *People v. Nash* (1936), 364 Ill. 224, 4 N.E.2d 101, our supreme court considered whether collected penalties on forfeited real estate were to be paid to the county or distributed to the various taxing bodies. The relevant provisions were silent on this point, stating only that the amount of taxes, interest, and penalties due were to be collected and paid over "in like manner as other taxes." The court therefore looked to an 1879 amendment to section 177 of the Revenue Act of 1872, the predecessor of section 224 of the Revenue Act of 1939, dealing with interest added before forfeiture, which added to that statute the language now found in section 224 that "all such collections on account of interest shall be paid into the county treasury to be used for county purposes." (1879 Ill. Laws 252, 253; Ill. Rev. Stat. 1981, ch. 120, par. 705.) The majority concluded that all such sums collected should be paid to the county treasury, for county purposes, with no distinction between interest accrued before and after forfeiture. In support of this construction, it was noted that the county was designated as fiscal agent for the State in collecting the taxes for all of its various political subdivisions. The court then examined various revenue laws and other related statutes concerned with the distribution of tax monies and found a "clear legislative intent" that only the principal of the taxes levied was to be distributed to the various taxing bodies other than the county, and noted that in all of those situations, "the interest added to the taxes by the legislature by way of

penalty before and after forfeiture [was] necessarily outside of the power and jurisdiction of the various political subdivisions to determine." (*People v. Nash* (1936), 364 Ill. 224, 229, 356 N.E.2d 543.) In so holding, the majority in *Nash* disregarded what was considered to be the "general rule" in other States that in the absence of express legislative direction, tax penalties follow the tax and go to the State, county or city according as the one or the other is entitled to the tax itself. (*People v. Nash* (1936), 364 Ill. 224, 233, 356 N.E.2d 543 (Shaw, J., dissenting); *People v. Kamm* (1964), 48 Ill. App. 2d 447, 452.) The court also rejected the argument raised by the county that the word "taxes" included penalties, and, in response to a constitutional question raised by appellants there, even the dissenting opinion recognized that:

> "In order to be a tax within the meaning of the constitutional provision it would of necessity be imposed upon all persons and property alike. This essential distinction is obvious when it is borne in mind that penalties are paid only in those cases where the tax becomes delinquent. All are taxed alike by the proper taxing bodies while penalties are incurred only by those who fail to pay." *People v. Nash* (1936), 364 Ill. 224, 234, 356 N.E.2d 543; see also *United States v. Nelson* (N.D. Ill. 1949), 91 F. Supp. 557.

■ We find that the payments challenged here are penalties, which are not for the purpose of generating additional tax revenues for the taxing bodies, but rather, to aid in the administration of tax collections by the county, the entity charged with the duty of collecting such taxes, and are, as such, clearly distinguishable from those "fees" which are prohibited by article VII, section 9(a). We therefore believe our ruling to be constrained by the express legislative directive set forth in section 224 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 705) and the reasoning set forth by the supreme court in *People v. Nash* (1936), 364 Ill. 224, 234. We also note that courts' recognition that such changes as are desired by plaintiffs here must come through the legislative rather than the judicial processes. *People v. Nash* (1936), 364 Ill. 224, 231-32.

■ Moreover, because the delinquency penalty constitutes a separate charge to the individual taxpayer, we find that it does not constitute the type of "hidden county tax" or "unlawful skim off" which section 9(a) was designed to circumvent. See *Board of Commissioners of Wood Dale Public Library District v. County of Du Page* (1982), 107 Ill. App. 3d 409, 416.

■ Plaintiff's equal protection argument similarly must fail. A

statute which is rationally related to a legitimate purpose will not be presumed unconstitutional merely because it establishes legislative classifications or confers a burden on some classes but not on others. (*Friedman & Rochester, Ltd. v. Walsh* (1977), 67 Ill. 2d 413, 367 N.E.2d 1325; *McDonald v. Board of Election Commissioners* (1969), 394 U.S. 802, 22 L. Ed. 2d 739, 89 S. Ct. 1404.) Further, where, as here, the facts reasonably can be conceived to sustain it, the statute must be upheld. (*Hoffman v. Clark* (1977), 69 Ill. 2d 402, 372 N.E.2d 74; *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 250 N.E.2d 633.) Plaintiff has failed to meet its burden of establishing that the challenged statute is clearly unreasonable and palpably arbitrary. *Illinois Coal Operators Association v. Pollution Control Board* (1974), 59 Ill. 2d 305, 311, 319 N.E.2d 782.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN, P.J., concurs.

*JUSTICE DOWNING, dissenting:

I consider the payments were actually "fees" for administrative services performed by the county treasurer's office in connection with delinquent taxes. As such, in my opinion, the payments violate the provisions of article VII, section 9(a), of the 1970 Illinois Constitution (Ill. Const. 1970, art. VII, sec. 9(a)). I would reverse the judgment of the circuit court of Cook County.

---

*Justice Downing participated in the above opinion before the expiration of his term in office.