(No. 61293.—

THE VILLAGE OF OAK LAWN, Appellant, v. ED-
WARD ROSEWELL, County Treasurer, *et al.*, Ap-
pellees.

*Opinion filed June 6, 1986.—Rehearing
denied September 26, 1986.*

Klein, Thorpe & Jenkins, Ltd., of Chicago (Arthur C. Thorpe, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago, (Henry A. Hauser, Deputy State's Attorney, and Susan Condon, Assistant State's Attorney, of counsel), for ap-

pellees.

JUSTICE MILLER delivered the opinion of the court:

The village of Oak Lawn filed suit in the circuit court of Cook County, challenging section 224 of the Revenue Act of 1939 (Ill. Rev. Stat., 1984 Supp., ch. 120, par. 705). The plaintiff village maintains that section 224, which authorizes counties to collect and retain interest on delinquent real estate taxes, violates article VII, section 9(a), of the Illinois Constitution of 1970 (Ill. Const. 1970, art. VII, sec. 9(a)). Plaintiff also contends that section 224 violates its constitutional right to equal protection.

Plaintiff's complaint, filed on behalf of the village and all other units of local government which levy property taxes in Cook County, requested declaratory and injunctive relief. Plaintiff also sought repayment from the defendants of all funds collected and retained by the county collector as interest penalties on taxes levied by the village which were delinquent when paid. The trial court granted the defendants' motion to dismiss the suit under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615). The appellate court affirmed the dismissal, with one justice dissenting. (128 Ill. App. 3d 639.) We allowed the plaintiff's petition for leave to appeal (94 Ill. 2d R. 315(a)).

Section 207 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 688) authorizes county collectors to collect taxes on real property located in their counties. The county collector may collect not only taxes levied by the county, but also may collect taxes imposed on real property by other local units of government. (See Ill. Rev. Stat. 1983, ch. 120, par. 689.) After collecting the taxes, the county collector is required to pay over to each local taxing unit the taxes collected on behalf of the

unit. Ill. Rev. Stat., 1984 Supp., ch. 120, par. 761.

Section 224 of the Revenue Act of 1939 (Ill. Rev. Stat., 1984 Supp., ch. 120, par. 705) provides that all real property taxes which are not paid when due are to bear interest at the rate of 1½ percent per month until the taxes are paid or the property forfeited. The statute further provides that all interest collected on delinquent taxes is to be paid by the county collector into the county treasury, to be used for county purposes.

Plaintiff does not challenge the imposition of the interest penalty on delinquent taxpayers under section 224. Rather, plaintiff contests the provision in section 224 which allows defendant Cook County to retain the interest collected on the payment of all delinquent taxes, whether those taxes were assessed by the county or by other units of local government. Similarly, plaintiff challenges defendant Rosewell's payment of the interest funds into the Cook County treasury for the county's use. Plaintiff argues that by retaining the interest on delinquent taxes pursuant to section 224, the county derives a "fee" from the tax-collection and disbursement process, in violation of article VII, section 9(a), of the Illinois Constitution of 1970. Section 9(a) states:

> "(a) Compensation of officers and employees and the office expenses of units of local governments shall not be paid from fees collected. *** Fees shall not be based upon funds disbursed or collected, nor upon the levy or extension of taxes." Ill. Const. 1970, art. VII, sec. 9(a).

In support of its position, plaintiff cites the opinions of this court in *City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516, *Goldstein v. Rosewell* (1976), 65 Ill. 2d 325, and *Saltiel v. Olsen* (1979), 77 Ill. 2d 23. In *City of Joliet v. Bosworth,* this court found that section 21a of "An Act concerning fees and salaries ***" (Ill. Rev. Stat., 1974 Supp., ch. 53, par. 39a), which expressly authorized counties to bill each local taxing unit for its proportion-

ate share of the county's expense in collecting taxes on behalf of the taxing units, violated article VII, section 9(a). In *Goldstein v. Rosewell,* this court struck section 21 of the inheritance and transfer tax law (Ill. Rev. Stat. 1973, ch. 120, par. 394) as a violation of section 9(a). Section 21 expressly provided that county treasurers could retain 4% of State inheritance taxes collected by the county as payment for collecting State taxes. In *Saltiel v. Olsen,* this court found that section 3 of the Real Estate Transfer Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 1003), which allowed counties to retain as a fee one-half of the proceeds from the sale of State revenue stamps to persons transferring title to real estate, was in violation of section 9(a).

*City of Joliet, Goldstein,* and *Saltiel* are distinguishable from the present case. In each of those cases the statutes at issue expressly allowed counties to obtain a fee or charge from other taxing units. The fees in *Goldstein* and *Saltiel* were direct charges against the taxes collected. The fees in *City of Joliet* came through a direct charge by the county against the local units' revenues for the county's tax-collection services. The issue in those cases was whether the fees authorized by statute were prohibited by article VII, section 9(a), of the 1970 Constitution. At issue in the present case, however, is not whether a fee may be based upon funds collected, but whether the county's retention of the interest penalty on delinquent taxes collected by the county for other governmental units constitutes a "fee" within the meaning of section 9(a).

In *Board of Commissioners v. County of Du Page* (1982), 107 Ill. App. 3d 409, the appellate court considered a constitutional challenge to the county's retention of interest earned on the investment of local units' tax revenues under section 6.1 of "An Act concerning county treasurers ***" (Ill. Rev. Stat. 1981, ch. 36, par.

22.1). Defendant County of Du Page had collected taxes on behalf of various units of local government. Pursuant to section 6.1, the county invested the tax proceeds at interest until the treasurer distributed the principal to the local taxing entities. The county retained the interest generated by the investment of the tax funds. The appellate court found that the county's retention of the interest violated section 9(a) of article VII. Although the local taxing districts received their full tax levies from the county, the appellate court found that the county was, in effect, charging the local districts an unconstitutional "fee" based upon funds collected. (107 Ill. App. 3d 409, 415.) This court agreed with the reasoning and the judgment of the appellate court. *Board of Commissioners v. County of Du Page* (1983), 96 Ill. 2d 378.

In *County of Du Page,* the county's investment of local units' tax funds and retention of the interest produced was effectually a fee because the county made a profit at the expense of the other taxing units. By withholding the tax funds from the local units which had levied the taxes in order to obtain interest for itself, the county deprived the local units of the time value of money to which the units were entitled. See also *Town of the City of Peoria v. O'Connor* (1981), 85 Ill. 2d 195, 206-07 (finding that tax units were entitled to their tax levies under sections 1 and 2 of "An Act relating to certain investments of public funds by public agencies" (Ill. Rev. Stat. 1975, ch. 85, pars. 901, 902)).

In the present case, however, neither plaintiff nor the other local taxing units for which the county collects taxes are entitled to interest on delinquent taxes, absent the statute in question. Although section 224 of the Revenue Act of 1939 appropriates to the county the interest penalty paid on delinquent taxes, the penalty funds exist only because section 224 creates a penalty for the delinquent payment of taxes. In authorizing the counties to

retain the interest penalty charged a taxpayer on the payment of delinquent taxes, the statute does not deprive other local taxing units of the interest they would have received had the taxes been promptly paid over to the units by the county, and the proceeds placed at interest. The penalty funds are neither a portion of the local units' tax levies, nor interest flowing from the investment of the tax funds after their collection. The interest funds at issue here are instead a separate charge imposed by the legislature to encourage the prompt payment of taxes. (See *United States v. Nelson* (N.D. Ill. 1949), 91 F. Supp. 557; *Holiday Inns of America, Inc. v. Tully* (1982), 106 Ill. App. 3d 1004, 1008; *Hopedale Medical Foundation v. Tazewell County Collector* (1978), 59 Ill. App. 3d 816, 824.) We note further that under section 224, it is taxpayer delinquency, rather than any action by the county, that deprives the local taxing units of the time value of their revenues.

Under section 224, the counties neither take a portion of the local units' tax levies nor deprive the local units of the interest which flows naturally from the investment of those funds. We conclude, therefore, that the county's retention of the statutorily imposed penalty on the payment of delinquent taxes does not constitute a "fee" charged by the county within the meaning of section 9(a).

Plaintiff contends that allocating to the county all of the interest received on payment of delinquent taxes violates the equal protection guarantees of the Federal and State constitutions. The parties neither briefed nor argued the applicability of equal protection principles to units of local government or the standing of the plaintiffs to raise the issue. Because in the present case we find that a rational basis exists upon which to distinguish counties from other taxing units for purposes of receiving fiscal benefits, we consider it unnecessary to con-

sider those questions here.

A statute will be upheld under traditional principles of equal protection if a rational basis exists to distinguish the class benefited under the statute from the class not benefited. (See *Hoskins v. Walker* (1974), 57 Ill. 2d 503, 508.) A legislative classification will be upheld against an equal protection challenge if any set of facts can be reasonably conceived which will sustain the classification. *Jacobs v. City of Chicago* (1973), 53 Ill. 2d 421.

County collectors collect taxes for counties and a variety of other local taxing districts, including library districts, park districts, school districts, sewer districts, and drainage districts. The number of units for which the county collects taxes may be quite large. The number of taxing units in which each county resident is included is subject to great variance, depending upon where in the county the resident is located. We note that county governments, unlike many of the special taxing districts, are the only local taxing units in each county certain to affect every county resident. In enacting section 224, the legislature may have anticipated the difficulty, potential for error, and administrative expense inherent in computing and distributing the amount of interest penalty each taxing body would be entitled to in the event of a delinquency. By appropriating all penalty funds received on delinquent tax payments to the county, the entity initially receiving the tax payments, the legislature could have sought to promote convenience and simplicity and to alleviate administrative expense incident to the distribution of the funds. (See *People v. Nash* (1936), 364 Ill. 224, 231.) By reducing administrative expense, more funds would be available for projects benefiting taxpayers.

Because county collectors are the first step in the process of tax collection and distribution, and because the county is the only local taxing unit certain to include

each county resident, we cannot say that it was unreasonable for the legislature to have chosen the county to receive the interest funds.

For the reasons indicated, we affirm the judgment of the appellate court.

*Judgment affirmed.*