**S1 IL304 LIMITED LIABILITY COMPANY, Plaintiff,**

v.

**ANB CUST. FOR LG, Cook County ex rel., Hynes, et al., Defendants.**

No. 96 C 2091.

United States District Court, N.D. Illinois, Eastern Division.

July 15, 1997.

Edward Sidney Weil, Gary P. Segal, Schwartz, Cooper, Greenberg & Krauss, Chicago, IL, Jill Anne Glickstein, Rudnick & Wolfe, Chicago, IL, for S1 IL 304 Ltd. Liability.

Mark R. Davis, Jason Thomas Shilson, O'Keefe, Ashenden, Lyons & Ward, Chicago, IL, ANB Cust. for LG.

Donna M. Lach, State's Attorney of Cook County, Chicago, IL, for Thomas C. Hynes, Edward J. Rosewell, David Orr.

Stanford D. Marks, Chicago, IL, for Phoenix Bond & Indemnity Co.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, S1 IL304, a Delaware limited liability company ("S1"), instituted this declaratory judgment action seeking a declaration that (1) the tax liens and penalties on its real property are void based on prior ownership of the property by the Resolution Trust Corporation ("RTC"); and (2) S1 has a right to challenge the County Assessor's assessments of the property, the value of those assessments, and the property tax based thereon. After I dismissed S1's prior complaint for lack of subject matter jurisdiction, *S1 IL304 Ltd. Liability Co. v. ANB Cust. for LG*, 950 F.Supp. 242, 245–46 (N.D.Ill.1996), S1 filed an amended complaint claiming jurisdiction under the diversity statute, 28 U.S.C. § 1332. Defendants, ANB Cust. for LG ("ANB"), Phoenix Bond & Indemnity Company ("Phoenix"), and Thomas Hynes, Edward Rosewell and David Orr in their official capacities as Cook County Assessor, Treasurer and Clerk, respectively, (the "County")( collectively "Defendants") again have moved to dismiss the plaintiff's complaint for a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In the alternative, the defendants have moved to dismiss for failure to state a claim, pursuant to Rule 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

### *Jurisdictional Bar of the Tax Injunction Act*

The Tax Injunction Act ("TIA"), 28 U.S.C. § 1341 (1994), provides that "the district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA applies with equal force in cases, such as this one, where a plaintiff seeks a declaratory judgment. *Franchise Tax Bd. v. Alcan Aluminium*, 493 U.S. 331, 338, 110 S.Ct. 661, 666, 107 L.Ed.2d 696 (1990). Based on the language of the TIA and the effect of the declaration which S1 seeks, the defendants argue that the TIA deprives this court of jurisdiction in the above matter. In opposition, S1 argues that its claims fall outside the scope of the TIA.

Most of S1's claims fall within the purview of the TIA and therefore fall outside of my jurisdiction. In Count I, S1 seeks a declaration that ANB and Phoenix's tax liens on the property for 1993 and 1994 are void because of the RTC's prior ownership of a mortgage interest in the property. In Count II, S1 seeks a declaration that the County has no liens on the property for delinquent taxes in 1993 and 1994. Because ANB and Phoenix would be entitled to seek a refund on the tax certificates, and the County's method of tax collection would be restrained if S1 prevails on the merits of these two claims, this suit is barred by the TIA.

The tax sale and purchase process in

Illinois involves several steps.[1] The process begins when a tax lien attaches to the property on the first day of the year, and that lien acquires first priority over all other liens and encumbrances. 35 ILCS 200/21–75. The lien remains on the property until the tax is paid by the owner, an interested party, or a third-party purchaser at a tax sale. *In Re McKeever,* 132 B.R. at 1005. When a tax sale is held, a third-party may obtain a certificate of purchase in exchange for payment of the delinquent taxes. *Id.* This certificate gives the purchaser a lien on the property but not ownership of the property itself. *Id.* A tax purchaser may claim a refund for the price of the tax certificates, along with interest and costs, if the sale was in error. 35 ILCS 200/21–310, –315. Under Illinois law, a sale in error may be triggered by several conditions. For purposes of this motion, the relevant triggering condition for a sale in error is that the property is not subject to taxation. *Id.* 21–310(a)(1).

■ If S1 prevails on Counts I and II, the liens on the property would be declared void because the property was not subject to taxation as a consequence of the RTC's prior interest. Although the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA) provides the RTC with protection only from the attachment of involuntary liens and not with exemption from real estate taxation, 12 U.S.C. § 1825(b)(1), (2), the effect in Illinois is the same. Illinois law provides for both *in personam* and *in rem* actions for delinquent property taxes, but an *in personam* action may not be pursued until a judgment has been issued on the property. *People ex rel. Larson v. Rosewell,* 88 Ill.App.3d 272, 43 Ill.Dec. 404, 406, 410 N.E.2d 404, 406 (1st Dist.1980). In other words, an *in rem* action for delinquent property taxes must precede an *in personam* action. A civil action to recover unpaid taxes from the property owner is merely a " 'backstop' " procedure

to recoup money for property which could not be sold at a tax sale. *Id.* e statute authorizing such actions states that "[t]he county board may, *at any time after final judgment and order of sale against delinquent property* under Section 21–180, institute a civil action … in the circuit court for the whole amount due for taxes and special assessments on the delinquent or forfeited property." 35 ILCS 200/21–440 (emphasis added). This language only permits an *in personam* action once a in rem judgment against the property has been entered.

In this case, declaring the liens void would preclude an in rem judgment and result in no taxation on the property. The county court does not obtain jurisdiction until "the county collector makes his application for judgment and order for sale." *Vulcan Materials Co. v. Bee Constr.,* 96 Ill.2d 159, 70 Ill.Dec. 465, 467, 449 N.E.2d 812, 814 (1983). The county collector, however, cannot make an application for judgment and order for sale if no liens are attached to the property. 35 ILCS 200/21–75, –110. Therefore, no *in rem* action against the property in this case could be commenced if the liens are declared void. Furthermore, if the liens are invalid, ANB and Phoenix would be entitled to a refund of the purchase price of the tax certificates as a sale in error, and the County would be left with unpaid tax bills. Without any land to which the tax liens could attach, the County could pursue neither an *in rem* action nor an *in personam* action to collect the taxes. The County would be left without any means for recovering the assessed taxes. Because these claims invoke the TIA, and S1 has access to a fast and efficient remedy in state court, *S1 IL304,* 950 F.Supp. at 246, I lack jurisdiction to adjudicate Counts I and II.[2] *See RTC Commercial Assets Trust 1995–NP3–1 v. Phoenix Bond & Indemnity Co.,* 963 F.Supp. 706, 710 (N.D.Ill.1997); *see also Fried v. Carey,* 620 F.2d 591, 593 (7th Cir. 1978) (holding that TIA barred federal court

---

1. For a more thorough discussion of Illinois law on the subject of tax sales and purchases, *see In Re McKeever,* 132 B.R. 996, 1005–07 (Bkrtcy. N.D.Ill.1991).

2. S1 argues that it only seeks a declaration dissolving the tax liens and that its claims do not affect the assessment, levy, or collection of taxes.

This is an illusory distinction. S1's action still is controlled by the TIA because "in dissolving a lien on property, a federal court interferes with the state's fiscal program just as surely as if it enjoined collection or assessment of the tax itself." *Dawson v. Childs,* 665 F.2d 705, 710 (5th Cir.1982).

interference with the only legally available remedy that Illinois had to recover delinquent taxes).

■ Count IV of the complaint also is barred by the TIA for the same reasons. In Count IV, S1 has asked for a declaration of its right to challenge the assessments on the property at issue. This count directly affects the assessment of taxes and brings it within the scope of the TIA. *RTC Commercial Assets,* 963 F.Supp. at 710–11. Accordingly, Count IV will be dismissed.

■ Finally, S1 has requested in Count III that I declare invalid any penalty or interest liens attached to the property. The penalties involved are in the nature of interest owed on the delinquent taxes, pursuant to 35 ILCS 200/21–15 (1996). To determine whether this interest constitutes a tax within the meaning of the TIA, I look to Illinois law. *See Reconstruction Fin. Corp. v. Beaver County, Pa.,* 328 U.S. 204, 209–10, 66 S.Ct. 992, 995–96, 90 L.Ed. 1172 (1946). Illinois courts as well as federal courts interpreting Illinois law have held that the interest charged on delinquent taxes constitutes a penalty and not a tax because the interest is imposed only on delinquent taxpayers and its effect is to encourage property owners to pay their taxes promptly. *United States v. Nelson,* 91 F.Supp. 557, 559–60 (N.D.Ill.1949); *Village of Oak Lawn v. Rosewell,* 128 Ill. App.3d 639, 83 Ill.Dec. 904. 907, 471 N.E.2d 203, 206 (1st Dist.1984), *aff'd* 113 Ill.2d 104, 100 Ill.Dec. 556, 497 N.E.2d 734 (1986); *see also RTC Commercial Assets,* 963 F.Supp. at 710–11. Because the interest liens are not characterized as taxes, Count III falls outside of the scope of the TIA, and I may exercise jurisdiction over this count. *See Hager v. City of West Peoria,* 84 F.3d 865, 871–72 (7th Cir.1996).

---

3. Of course, any liens for taxes or penalties which attached to the property prior to the RTC's interest were unaffected and still are valid. *Irving Indep. School Dist. v. Packard Properties,* 970 F.2d 58, 61–62 (5th Cir.1992).

4. Although S1 may not be liable for the amounts of the penalty liens, Section 1825(b)(3) may not provide authority to void the penalty liens. *See Simon v. Cebrick,* 53 F.3d 17, 23 (3rd Cir.1995)

*Count III—Relief from Penalty Liens*

■ Although I have jurisdiction over Count III, the issue remains whether S1 has stated a claim upon which relief can be granted. S1 seeks a declaration in Count III that the defendants do not hold any liens or claims for penalties arising during the RTC's receivership.[3] It bases its claim upon Section 1825(b)(3) which states that the RTC will not be liable for any penalties or fines resulting from a failure to pay any real property taxes.

S1 may assert the RTC's substantive rights under Section 1825(b)(3). In my prior decision in this case, I explained that the goal behind the extension of the RTC's rights to private parties was to help the FDIC in ridding "'the federal system of failed bank assets.'" *S1 IL304,* 950 F.Supp. at 245 (citation omitted). Although that goal is not served by extending the RTC's jurisdictional grant, it is served by extending the substantive rights of Section 1825 to private parties who purchase assets from the RTC. *F.D.I.C. v. Bledsoe,* 989 F.2d 805, 811 (5th Cir.1993); *RTC Commercial Assets,* 963 F.Supp. at 711–12.

Based on the language of the Section 1825(b)(3), S1 has stated a claim for relief from liability for the penalty liens attached to the property.[4] In fact, S1 appears to have a good chance of prevailing on this count, but no motion currently is pending which would permit the Court to rule. *See RTC Commercial Assets,* 963 F.Supp. at 711–12.

*Conclusion*

The motion to dismiss with respect to Counts I, II and IV is granted because the TIA bars the exercise of federal jurisdiction over these counts. The motion is denied

---

(noting that "[b]oth parties acknowledge that the statute does not extinguish plaintiff's tax liens nor does it subordinate them to the FDIC's liens"); *Matagorda County v. Law,* 19 F.3d 215, 222 (5th Cir.1994) (stating that "[t]he FDIC has not contested the Taxing Units' authority to assess the taxes against the Law property nor the validity or *priority* of their subsequently imposed lien for the failure to pay taxes").

with respect to Count III because it states a viable claim.