(No. 66308.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. THEODORE E. KUHN, Appellee.

*Opinion filed December 21, 1988.*

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Terence M. Madsen and Douglas K. Smith, Assistant Attorneys General, of counsel), for the People.

Randall J. Yorke, of Wheaton, for appellee.

CHIEF JUSTICE MORAN delivered the opinion of the court:

Defendant, Theodore E. Kuhn, was charged by complaint in the circuit court of Du Page County with three misdemeanor offenses. Count I charged defendant with driving under the influence of alcohol (DUI) in violation of section 11—501(a)(2) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)). Count II charged defendant with operating a motor vehicle with a blood-alcohol level of .10 or more in violation of section 11—501(a)(1) of the Code (Ill. Rev. Stat. 1987,

ch. 95½, par. 11—501(a)(1)). Count III charged defendant with disobeying a traffic control device in violation of section 11—305(a) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—305(a)). The State's motion to enter an order dismissing count II of the complaint was granted. Defendant entered pleas of guilty to the remaining counts, and asked for court supervision. Before sentencing, defendant moved to declare the sentencing provisions of section 5—6—1(d)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—1(d)(3)) (hereinafter, the section) unconstitutional. After hearing arguments of counsel, the trial court declared the section unconstitutional under the equal protection clauses of the United States and Illinois Constitutions. Following the court's declaration that the section is invalid, the State appealed directly to this court pursuant to Supreme Court Rule 302(a) (107 Ill. 2d R. 302(a)).

The only issue presented for our review is whether the section is unconstitutional under the equal protection clauses of the United States and the Illinois Constitutions. However, after our review of the record we have determined that the resolution of two other issues makes it unnecessary for us to address the constitutionality of the section: (1) whether there is any evidence in the record to indicate that defendant is ineligible for court supervision because his prior plea of guilty to reckless driving was pursuant to a plea agreement; and (2) whether this court has jurisdiction to hear this appeal.

The record reveals that on April 24, 1987, defendant was charged with three misdemeanor traffic violations. The only violation which is relevant to this appeal is the one which charged defendant with driving under the influence of alcohol. The record shows that on June 24, 1987, defendant attempted to enter a plea of guilty. However, the transcript from this hearing was not in-

cluded in the record the parties filed in this appeal. The record further reveals that on October 13, 1987, the defendant filed a motion to declare the section unconstitutional. The section precludes court supervision as a sentencing alternative for DUI offenders who have, within the last five years, pled guilty to a charge of reckless driving (see Ill. Rev. Stat. 1985, ch. 95½, par. 11—503) pursuant to a plea agreement (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—1(d)(3)).

In his motion, defendant admitted being charged with DUI in 1983, and pleading guilty to the amended charge of reckless driving. Defendant also stated that he had "brought the court file of his 1983 case" before the trial court, and that "there is no indication in that file that the amendment of the complaint from [DUI] to Reckless Driving [in the 1983 case] was part of a 'plea agreement.' " (The court file from defendant's 1983 case was not made a part of the record in this case and is therefore not before this court.) Defendant then argued that the section violates the equal protection clauses of the United States and the Illinois Constitutions. On December 4, 1987, the trial court ruled the sentencing statute invalid, and continued the case for status until December 30, 1987. On December 17, 1987, the State filed a notice of appeal. On December 30, 1987, the trial court again continued the case for status to June 29, 1988.

Upon this court's initial review of the record which was originally filed in this appeal, two things became obvious. First, the trial court in this case did not enter a final order sentencing the defendant; the court had merely continued the case for status. Second, defendant did not appear to have standing to challenge the constitutionality of the section because the record does not indicate that the trial court had held the section precluded him from obtaining court supervision for his current

DUI charge because he had pled guilty to reckless driving in 1983 pursuant to a plea agreement.

With these concerns in mind, this court ordered the transcript of the June 24, 1987, hearing in which defendant attempted to enter his plea of guilty. That transcript reveals that the State objected to the defendant's request for court supervision, arguing that the section precluded court supervision as a sentencing alternative for this defendant. In support of its objection, the State had the defendant sworn, and elicited testimony from him indicating that he had been charged with DUI in 1983. Defendant also admitted pleading guilty to the amended charge of reckless driving. However, he was never asked whether his 1983 plea of guilty to reckless driving was pursuant to a plea agreement. The trial court went on to find defendant ineligible for court supervision. Defendant then filed his motion to declare the section unconstitutional.

The first issue we must address is whether the record before this court demonstrates that defendant is presently ineligible for court supervision. Both parties in this case agree that the section applies only to those defendants who have previously entered pleas of guilty to reckless driving pursuant to plea agreements. Both parties also agree that there is nothing in the record before this court to indicate that defendant's prior plea of guilty to reckless driving was pursuant to a plea agreement. Thus, one may conclude that based upon the record before this court, the section does not preclude this defendant from obtaining court supervision for his current DUI charge. Indeed, the State does not contest the fact that the record is deficient in this respect. The State merely argues in its reply brief that the trial court must have "implicitly" found that defendant's prior plea of guilty was pursuant to a plea agreement. We decline to hold that the trial court made this "implicit" finding because

the State has failed to point to any evidence in the record from which this fact could be inferred.

Of even greater concern to this court is whether we have jurisdiction to hear this appeal. In this case, the trial court simply ruled the statute unconstitutional and set the case for status. The trial court failed to enter a final order sentencing the defendant. It is fundamental that "[a] judgment is final if it decides the controversy between the parties on the merits and fixes their rights, so that, if the judgement is affirmed, nothing remains for the trial court to do but to proceed with its execution." (*In re J.N.* (1982), 91 Ill. 2d 122, 127.) In criminal cases, there is no final judgment without a sentence. (*In re J.N.*, 91 Ill. 2d at 127.) Absent the imposition of sentence, an appeal cannot be entertained. (*People v. Caballero* (1984), 102 Ill. 2d 23, 50.) Because the trial court in this case failed to enter an order sentencing the defendant, this court lacks jurisdiction to hear the appeal. 107 Ill. 2d R. 302(a).

For the reasons set forth above, the trial court's order declaring the section unconstitutional is vacated, and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*