(No. 66066.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CHARLES ECKHARDT, Appellee.

*Opinion filed February 22, 1989.*

148

CALVO, J., took no part.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

No appearance for appellee.

JUSTICE RYAN delivered the opinion of the court:

This is a direct appeal brought by the State from a ruling entered in the circuit court of Cook County which held that section 5—6—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—1(d)) violates equal protection guarantees and is, therefore, unconstitutional. Because we find that this section of the Unified Code satisfies constitutional requirements, we reverse the decision of the circuit court.

The statute at issue authorized the court to impose supervision except where:

"[a] defendant [has been] charged with violating Section 11—501 of The Illinois Vehicle Code [driving under the influence] or a similar provision of a local ordinance if said defendant has within the last 5 years been:

    1) convicted for a violation of Section 11—501 of The Illinois Vehicle Code or a similar provision of a local ordinance; or

    2) assigned supervision for a violation of Section 11—501 of The Illinois Vehicle Code or a similar provision of a local ordinance; or

    3) pleaded guilty to or stipulated to the facts supporting a charge or a finding of guilty to a violation of Section 11—503 [reckless driving] of The Illinois Vehicle Code or a similar provision of a local ordinance, *and the plea or stipulation was the result of a plea agreement.*" (Emphasis added.) Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—1(d).

The State brought this appeal under Supreme Court Rule 603 (107 Ill. 2d R. 603). Neither party raised the issue of whether an interlocutory ruling such as this one is appealable under Rule 603. (See Ill. Ann. Stat., ch. 110A, par. 603, Historical & Practice Notes (Smith-Hurd 1985); see also Ill. Const. 1970, art. VI, §§4(b), 6; *People v. Kuhn* (1988), 126 Ill. 2d 202.) We find it unnecessary to consider this question, as we view this case as an appropriate one for the exercise of our supervisory authority. Ill. Const. 1970, art. VI, §16; *Brokaw Hospital v. Circuit Court* (1972), 52 Ill. 2d 182, 187.

The facts giving rise to this appeal began on January 12, 1984, when the defendant, Charles Eckhardt, pled guilty to reckless driving (Ill. Rev. Stat. 1983, ch. 95½, par. 11—503) pursuant to a plea agreement. Approximately 2½ years later, on June 1, 1986, the defendant was arrested for the following offenses: driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½,

par. 11—501(a)(2)); improper lane usage (Ill. Rev. Stat. 1985, ch. 95½, par. 11—709 (a)); and driving while license was suspended (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303).

The defendant, seeking supervision for these offenses, filed a motion to declare section 5—6—1(d) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—1(d)) unconstitutional. The defendant claimed that this section of the Code violated the equal protection clauses of both the United States Constitution (U.S. Const., amend. XIV) and the Illinois Constitution (Ill. Const. 1970, art. I, §2). This motion was premised on the argument that defendants found guilty of reckless driving (section 11—503) pursuant to a plea agreement are treated differently from defendants found guilty of the same offense after a trial, with respect to their eligibility for supervision on a subsequent section 11—501 (driving under the influence of alcohol) charge if that charge occurs within five years of the conviction for reckless driving.

The trial court judge, relying on *People v. Boykin* (1983), 94 Ill. 2d 138, rejected this argument, holding that both groups had committed intrinsically the same conduct and were both ineligible for supervision on a subsequent section 11—501 offense if this offense occurred within five years of a conviction for reckless driving. After independently analyzing the statute on equal protection grounds, however, the trial court held that the statute was unconstitutional. The trial court judge reached this conclusion after determining that defendants who had pled guilty to a reckless driving offense pursuant to a plea agreement had committed the same conduct as those defendants who entered a blind plea of guilty to reckless driving. Thus, the trial court held that because these two groups were being treated differently, the statute violated equal protection guarantees. We dis-

agree, and accordingly, we reverse the trial court's holding.

We initially note that the equal protection clauses of neither the Federal nor State constitutions prevent the State from treating different classes of people in different ways. (*Eisenstadt v. Baird* (1972), 405 U.S. 438, 446-47, 31 L. Ed. 2d 349, 358, 92 S. Ct. 1029, 1034-35; *People v. Coleman* (1986), 111 Ill. 2d 87, 95.) Further, the issue before us does not involve either a suspect class or a fundamental interest. (See *People ex rel. Tucker v. Kotsos* (1977), 68 Ill. 2d 88, 96-98.) Where a suspect classification or a fundamental right is not involved, the legislation must be rationally related to a legitimate State interest. (*People v. Gaines* (1984), 105 Ill. 2d 79, 99.) Additionally, as we stated in *People v. Bradley* (1980), 79 Ill. 2d 410, 416:

> "Only '[w]hen the law lays an unequal hand on those who have committed intrinsically the same quality of offense and [penalizes] one and not the other' does the equal protection clause come into play. [Citations.] That clause requires equality between groups of persons 'similarly situated'; it does not require equality or proportionality of penalties for dissimilar conduct."

Unlike the trial court, we do not find that those who have entered blind pleas to reckless driving have committed intrinsically the same quality of offense as those who plea bargain to reckless driving. Although we recognize that the plea bargaining process is a necessary mechanism for expeditiously disposing of cases and that it enhances legal resources (see *Santobello v. New York* (1971), 404 U.S. 257, 261, 30 L. Ed. 2d 427, 432, 92 S. Ct. 495, 498; *People v. Boyt* (1985), 109 Ill. 2d 403, 416), we note that it is common knowledge that plea bargaining generally results in a reduction of the original charge. In a plea agreement, the defendant is offered some consideration in exchange for his agreement to en-

ter a plea of guilty, which one who enters a blind plea does not receive. When the statute at issue is viewed within this context, it is clear that the statute survives an equal protection challenge.

The State has broad discretion in the exercise of its police power for the health and safety of its citizens. (*Chicago National League Ball Club, Inc. v. Thompson* (1985), 108 Ill. 2d 357, 364.) Further, a statute enjoys a presumption of constitutionality. (*People v. Schwartz* (1976), 64 Ill. 2d 275, 281.) Finally, a legislative classification will be upheld against an equal protection challenge if any set of facts can be reasonably conceived which will sustain the classification. (*Village of Oak Lawn v. Rosewell* (1986), 113 Ill. 2d 104, 111.) We find that section 5—6—1(d) of the Unified Code of Corrections is rationally related to the State's legitimate goal of promoting highway safety. The thrust of this statute is to prevent repeat drunk driving offenders from driving and endangering the lives of motorists on Illinois highways. This is a legitimate goal that is well within the State's police powers.

The next focus of inquiry is whether the denial of supervision to those who, pursuant to a plea agreement, have pled guilty to, or stipulated to facts supporting a charge or a finding of guilty of, a violation of section 11—503 (reckless driving) within the last five years is rationally related to the goal of highway safety. Reckless driving is a Class B misdemeanor. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—503(b).) Driving under the influence is a Class A misdemeanor for a first offense in addition to administrative penalties. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(c).) The obvious focus of the prohibition of supervision found in section 5—6—1(d) of the Unified Code of Corrections is to preclude supervision not only to those who had previously been convicted of driving under the influence, but also to those who had been

charged with that offense and plea bargained for the lesser offense of reckless driving. A person who has plea bargained to a charge of reckless driving is thus in a different position from a person who has entered a blind plea to a reckless driving charge. We find that section 5—6—1(d) is rationally related to the State's legitimate goal of promoting highway safety. In view of our analysis of the purpose of the statute, we find no equal protection violation.

For the reasons stated above, we reverse the trial court's decision, uphold the constitutionality of section 5—6—1(d) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—1(d)), and remand the case to the circuit court of Cook County.

*Reversed and remanded.*

JUSTICE CALVO took no part in the consideration or decision of this case.