Docket No. 105805.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* LISA MADIGAN, Petitioner, v. HONORABLE JAMES B. KINZER *et al.*, Respondents.

*Opinion filed January 23, 2009.*

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Thomas, Garman, and Karmeier concurred in the judgment and opinion.

Justice Burke specially concurred, with opinion, joined by Justice Freeman.

## OPINION

Illinois Attorney General Lisa Madigan filed an original *mandamus* action in this court under Supreme Court Rule 381 (188 Ill. 2d R. 381), seeking to vacate a sentence of court supervision imposed upon Kyle Kissack for his driving under the influence of alcohol conviction. The petitioner contends that court supervision is prohibited by section 5–6–1(d)(3) of the Unified Code of Corrections (Code) (730 ILCS 5/5–6–1(d)(3) (West 2006)), because Kissack previously pled guilty to reckless driving as a result of a plea agreement. We hold that the sentence of court supervision is not

authorized by statute in these circumstances. Accordingly, we award the order of *mandamus*.

## I. BACKGROUND

Kyle Kissack was charged with driving under the influence of alcohol (DUI) (625 ILCS 5/11–501 (West 2006)). On August 24, 2007, he entered a guilty plea to that offense in the circuit court of Iroquois County and the Honorable James B. Kinzer (respondent) sentenced him to 14 months of court supervision.

The State filed a motion to reconsider the sentence, asserting that Kissack had previously pled guilty to reckless driving as part of a plea agreement. The State contended that section 5–6–1(d)(3) of the Code (730 ILCS 5/5–6–1(d)(3) (West 2006)) prohibits a sentence of court supervision for DUI when the defendant previously pled guilty to reckless driving under a plea agreement. The State, therefore, maintained that Kissack's sentence was void because it was not authorized by statute.

The respondent denied the motion to reconsider in a written order. Respondent acknowledged section 5–6–1(d)(3) provides that court supervision is not authorized if a defendant previously pled guilty to reckless driving as a result of a plea agreement. Respondent initially found, however, that a literal application of section 5–6–1(d)(3) would create an unconstitutional irrebuttable presumption that a reckless driving charge was reduced from a DUI. Respondent could find no justification for treating previous convictions of reckless driving and DUI identically for purposes of court supervision on a subsequent DUI offense.

Respondent found that the legislature intended to treat prior guilty pleas to reckless driving and DUI identically only when a DUI charge was reduced to reckless driving. According to respondent, *People v. Kuhn*, 126 Ill. 2d 202 (1988), was "controlling: there must be evidence that the plea was the result of a plea agreement involving an effort to reduce the effect of the DUI charge (as opposed to a recognition by the State that the DUI charge was simply not capable of being proved at trial and dismissed for that reason)."

Respondent noted that Kissack pled guilty to reckless driving in 2002. A DUI charge was dismissed in that case. The reason for the

dismissal was unclear, however. Respondent observed that the DUI charge may have been dismissed due to insufficient evidence. Accordingly, respondent found that Kissack was eligible for court supervision under section 5–6–1(d)(3).

The State filed a motion to amend the order to comply with Supreme Court Rule 18 (210 Ill. 2d R. 18), asserting that the order did not contain the information required when a circuit court declares a statute unconstitutional. Kissack responded that the order did not declare the statute unconstitutional. Rather, the order was based on the respondent's construction of section 5–6–1(d). Following a hearing, respondent denied the State's motion to amend the order. There is no record of respondent's reasoning in denying the motion.

The petitioner then moved this court for leave to file an original *mandamus* complaint. This court allowed the petitioner to file the complaint and ordered the parties to brief the issues. The petitioner seeks an order directing the respondent to vacate the sentence of court supervision and impose a sentence in accordance with the Code.

The petitioner attached to the complaint the docket sheet showing the disposition of Kissack's previous charges. The docket entry in case number 2001–DT–160 for May 7, 2002, states in pertinent part:

> "Case called for jury trial outside the presence of the jury. Jury waiver signed. Defendant pleads guilty to Reckless Driving, one year court supervision, fine of $350 plus costs of $123.00[.] State moves to Nolle prosse DUI charge in 01DT160 pursuant to agreement."

The entry for May 9, 2002, states, "Case nolle prossed."


## II. ANALYSIS

This court may exercise original jurisdiction in *mandamus* actions. Ill. Const. 1970, art. VI, §4(a). *Mandamus* is an extraordinary remedy to enforce the performance of official nondiscretionary duties by a public officer. *1350 Lake Shore Associates v. Healey*, 223 Ill. 2d 607, 614 (2006). *Mandamus* will be granted only when the petitioner shows a clear right to relief, a clear public duty to act, and clear authority of the official to comply with the order. *People ex rel. Devine v. Sharkey*, 221 Ill. 2d 613, 616-17 (2006). *Mandamus* relief is improper if it substitutes the court's judgment or discretion for that

of the official. *Holly v. Montes*, 231 Ill. 2d 153, 156 (2008). It is well settled, however, that *mandamus* is a proper means to compel compliance with the mandatory sentencing provisions of the Unified Code of Corrections. *People ex rel. Birkett v. Jorgensen*, 216 Ill. 2d 358, 362 (2005).

Petitioner contends that the plain language and purpose of section 5–6–1(d)(3) preclude a sentence of court supervision for Kissack's conviction of driving under the influence of alcohol. Petitioner asserts that this court should, therefore, enter a *mandamus* order directing the respondent to sentence Kissack in accordance with the Code.

Respondent did not file a responsive brief. In his brief, Kissack argues that section 5–6–1(d)(3) precludes court supervision only when the offender previously entered into a plea agreement reducing a charge of driving under the influence of alcohol to reckless driving. In this case, he pled guilty to reckless driving and the State dismissed the DUI charge. Thus, according to Kissack, section 5–6–1(d)(3) does not preclude court supervision because a DUI charge was not reduced to reckless driving.

Here, we must determine whether Kissack's sentence of court supervision is authorized under section 5–6–1(d)(3) of the Code. This case presents a question of statutory construction subject to *de novo* review. *People v. Lewis*, 223 Ill. 2d 393, 402 (2006). The fundamental objective of statutory construction is to ascertain and give effect to the intent of the legislature. *Jorgensen*, 216 Ill. 2d at 363. The best indication of legislative intent is the statutory language given its plain and ordinary meaning. *Holly*, 231 Ill. 2d at 159. When statutory language is plain and unambiguous, the statute must be applied as written without resort to aids of statutory construction. *People v. Howard*, 228 Ill. 2d 428, 438 (2008). We may not depart from a statute's plain language by reading into it exceptions, limitations, or conditions the legislature did not express. *Lewis*, 223 Ill. 2d at 402. Courts should not attempt to read a statute other than in the manner it was written. *Rosewood Care Center, Inc. v. Caterpillar, Inc.*, 226 Ill. 2d 559, 567 (2007).

Section 5–6–1(d) of the Code states:

> "The provisions of paragraph (c) [pertaining to court supervision] shall not apply to a defendant charged with

violating Section 11–501 of the Illinois Vehicle Code [DUI] or a similar provision of a local ordinance when the defendant has previously been:

(1) convicted for a violation of Section 11–501 of the Illinois Vehicle Code or a similar provision of a local ordinance or any similar law or ordinance of another state; or

(2) assigned supervision for a violation of Section 11–501 of the Illinois Vehicle Code or a similar provision of a local ordinance or any similar law or ordinance of another state; or

(3) pleaded guilty to or stipulated to the facts supporting a charge or a finding of guilty to a violation of Section 11–503 of the Illinois Vehicle Code [reckless driving] or a similar provision of a local ordinance or any similar law or ordinance of another state, and the plea or stipulation was the result of a plea agreement." 730 ILCS 5/5–6–1(d) (West 2006).

Thus, section 5–6–1(d)(3) provides that a defendant charged with DUI is not eligible for court supervision if the defendant has previously pled guilty to reckless driving as a result of a plea agreement. Under the plain language of the statute in these circumstances, a previous guilty plea to reckless driving under a plea agreement is the only requirement for barring a sentence of court supervision.

Contrary to Kissack's argument, the plain language of the statute does not require the previous plea agreement to include a reduction of the charge from DUI to reckless driving. The legislature did not limit or condition the phrase "plea agreement" in any way. Kissack's construction of section 5–6–1(d)(3) requires adding a condition to the plain language of the statute. We will not read into the plain language of a statute exceptions, limitations, or conditions not expressed by the legislature. See *Lewis*, 223 Ill. 2d at 402.

This court has recognized that plea agreements generally result in a reduction of the original charge or some other consideration in exchange for an agreement to plead guilty. *People v. Eckhardt*, 127 Ill. 2d 146, 151-52 (1989). The State's offer of consideration for

pleading guilty distinguishes a plea agreement from a blind guilty plea. *Eckhardt*, 127 Ill. 2d at 151-52. Further, Supreme Court Rule 402(d) indicates that the consideration for a plea agreement may include the State's recommendation of a specific sentence or dismissal of other charges. 177 Ill. 2d R. 402(d). Thus, any agreement where the State offers some consideration in return for a defendant's guilty plea will satisfy the plain language of section 5–6–1(d)(3).

Kissack argues, nonetheless, that this court's decisions in *Eckhardt* and *People v. Kuhn*, 126 Ill. 2d 202 (1988), support his interpretation of section 5–6–1(d). He contends that those cases construed section 5–6–1(d) to prohibit court supervision only when a defendant's previous conviction of reckless driving resulted from a reduction of a DUI charge.

In *Eckhardt*, the State filed a direct appeal from a circuit court decision finding section 5–6–1(d) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005–6–1(d)) unconstitutional on equal protection grounds. *Eckhardt*, 127 Ill. 2d at 148. The trial court determined that a defendant pleading guilty to reckless driving under a plea agreement committed the same conduct as one who entered a blind guilty plea to reckless driving. Section 5–6–1(d) of the Code treated those two groups of defendants differently, however. The trial court, therefore, held that the statute violated equal protection guarantees. *Eckhardt*, 127 Ill. 2d at 150.

This court disagreed with the trial court's finding that a blind guilty plea to reckless driving is the same quality of offense as a guilty plea by agreement. *Eckhardt*, 127 Ill. 2d at 151. We recognized that plea agreements generally result in a reduction of the original charge or some other consideration in exchange for pleading guilty. *Eckhardt*, 127 Ill. 2d at 151-52. A defendant entering a blind guilty plea does not receive any such concession. *Eckhardt*, 127 Ill. 2d at 151-52. Viewing the statute in this context, we held that it did not violate equal protection guarantees. *Eckhardt*, 127 Ill. 2d at 152.

In *Eckhardt*, this court conclusively resolved the defendant's equal protection claim by finding that the groups at issue were not similarly situated. See *People v. Whitfield*, 228 Ill. 2d 502, 512 (2007) (declining to apply the rational basis test because the defendant could not meet the threshold requirement of showing that he and the group he used for comparison were similarly situated). This court

nevertheless went on to find that section 5–6–1(d) was rationally related to the state's legitimate goal of promoting highway safety. *Eckhardt*, 127 Ill. 2d at 152-53. We observed that the "thrust" of section 5–6–1(d) is to prevent repeat drunk driving offenders from endangering the lives of other motorists. *Eckhardt*, 127 Ill. 2d at 152. We also stated that the "obvious focus" of section 5–6–1(d) is to preclude supervision not only to those previously convicted of driving under the influence, but also to those who were previously charged with that offense and entered into a plea agreement for the lesser offense of reckless driving. *Eckhardt*, 127 Ill. 2d at 152-53. We therefore concluded that section 5–6–1(d) is rationally related to the state's goal of promoting highway safety.

In *Eckhardt*, the construction of section 5–6–1(d) was not raised as an issue. Thus, this court did not engage in a construction of the plain language of that statute. Instead, we simply made statements about the broad focus of section 5–6–1(d) in the context of determining whether it was rationally related to the state's goal of promoting highway safety.

A legislative classification will be sustained against an equal protection challenge if any collection of facts can be reasonably conceived to uphold the classification. *Eckhardt*, 127 Ill. 2d at 152, citing *Village of Oak Lawn v. Rosewell*, 113 Ill. 2d 104, 111 (1986). Therefore, the analysis in *Eckhardt* was not intended to be an all-encompassing construction of section 5–6–1(d)(3). The analysis of section 5–6–1(d)(3) in *Eckhardt* was simply a broad statement of the focus of that section in the context of resolving whether the statute was rationally related to promoting highway safety. We conclude that *Eckhardt* does not control our construction of section 5–6–1(d)(3) because the issue was never presented and, accordingly, was never addressed in that case.

This court's decision in *Kuhn* is also inapposite. As in *Eckhardt*, the issue in *Kuhn* was whether section 5–6–1(d)(3) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 1005–6–1(d)(3)) is unconstitutional on equal protection grounds. *Kuhn*, 126 Ill. 2d at 204. After reviewing the record, this court determined it was unnecessary to address that constitutional issue. We first noted that the parties agreed section 5–6–1(d)(3) applied only when a defendant previously entered a guilty plea to reckless driving under a plea agreement. *Kuhn*, 126 Ill.

2d at 206. The parties also agreed that the record did not show the defendant's prior guilty plea to reckless driving was pursuant to a plea agreement. *Kuhn*, 126 Ill. 2d at 206. Thus, there was no indication in the record that section 5–6–1(d)(3) precluded the defendant from receiving court supervision for his subsequent DUI charge. *Kuhn*, 126 Ill. 2d at 206. The trial court's order declaring section 5–6–1(d)(3) unconstitutional was vacated, and the matter was remanded for further proceedings. *Kuhn*, 126 Ill. 2d at 207.

In *Kuhn*, this court did not address the interpretation of section 5–6–1(d)(3). We simply held, in accordance with the parties' agreement, that the record did not indicate the defendant's prior plea of guilty was pursuant to a plea agreement. The decision in *Kuhn* was based on the failure to show any plea agreement existed in that case. In the absence of a plea agreement, there was no showing that section 5–6–1(d)(3) precluded a sentence of court supervision. *Kuhn* does not provide any guidance on the construction of section 5–6–1(d)(3).

In sum, we conclude that the plain language of section 5–6–1(d)(3) precludes a sentence of court supervision for driving under the influence of alcohol if the defendant has previously pled guilty to reckless driving under a plea agreement. The phrase "plea agreement" is not limited or conditioned in any way. Accordingly, there is no requirement for the plea agreement to reduce a charge of driving under the influence of alcohol to reckless driving.

Here, Kissack was previously charged in 2001 with DUI and reckless driving. The docket sheet submitted by the State shows that the case was called for jury trial. Kissack pled guilty to reckless driving prior to trial. The docket sheet also shows that the State moved to nol-pros the DUI charge "pursuant to agreement." Kissack received consideration in exchange for his guilty plea to reckless driving based on the State's agreement to dismiss the DUI charge. The record, therefore, clearly establishes that Kissack's guilty plea was the result of a plea agreement. Accordingly, section 5–6–1(d)(3) precludes a sentence of court supervision for Kissack's current charge of driving under the influence of alcohol in these circumstances.

Finally, the petitioner argues that section 5–6–1(d) does not violate equal protection provisions or create an unconstitutional mandatory presumption. The petitioner makes those arguments in response to the order denying the State's motion to reconsider the

sentence. Kissack does not respond. We conclude that these constitutional arguments are not properly before this court.

In his order, the respondent never expressly mentioned equal protection guarantees. Moreover, he did not find that the statute created an unconstitutional mandatory presumption. The respondent simply asserted that section 5–6–1(d)(3) would create an unconstitutional irrebuttable presumption if it were applied literally. There is certainly no express finding of unconstitutionality in the respondent's order.

Further, the respondent denied the State's motion to amend the written order to comply with Supreme Court Rule 18 (210 Ill. 2d R. 18). Supreme Court Rule 18 sets forth requirements for trial courts finding a statute unconstitutional. This court may summarily vacate and remand a circuit court judgment declaring a statute unconstitutional if it fails to comply with Rule 18. 210 Ill. 2d R. 302(c)(2). The respondent's decision to decline amending the order in accordance with Rule 18 indicates that he did not intend to declare the statute unconstitutional. The respondent's decision was based solely on his interpretation of section 5–6–1(d)(3).

Additionally, Kissack does not contend that the statute is unconstitutional. Kissack's arguments are directed at the interpretation of the statute. In this case, a constitutional issue has not been properly raised either by the respondent declaring the statute unconstitutional or by an argument of a party on appeal. Accordingly, the constitutionality of section 5–6–1(d)(3) is not properly before this court, and we decline to address that subject.

### III. CONCLUSION

For the foregoing reasons, we conclude that the plain language of section 5–6–1(d)(3) precludes a sentence of court supervision for Kissack's driving under the influence of alcohol conviction. The respondent has no discretion to depart from the mandatory provisions of section 5–6–1(d)(3). Accordingly, *mandamus* relief is granted directing the respondent to vacate the sentence of court supervision and impose a sentence in accordance with the Code.

*Mandamus awarded.*

JUSTICE BURKE, specially concurring:

I agree with the majority that a sentence of court supervision is not authorized by statute under the circumstances of this case. Accordingly, I agree that a *mandamus* order should issue directing Judge Kinzer to vacate the sentence of court supervision and impose a sentence in accordance with the law. My reasons for reaching this conclusion, however, differ from those expressed by the majority.

Section 5–6–1(d)(3) of the Unified Code of Corrections provides:

> "The provisions of paragraph (c) [which authorize an order of supervision] shall not apply to a defendant charged with violating Section 11–501 of the Illinois Vehicle Code or a similar provision of a local ordinance when the defendant has previously ***
>
> * * *
>
> (3) pleaded guilty to or stipulated to the facts supporting a charge or a finding of guilty to a violation of Section 11–503 of the Illinois Vehicle Code [reckless driving] or a similar provision of a local ordinance or any similar law or ordinance of another state, and the plea or stipulation was the result of a plea agreement." 730 ILCS 5/5–6–1(d)(3) (West 2006).

The State contends, and the majority holds, that the "plea agreement" referred to in paragraph (3) above means *any* plea agreement, regardless of its terms or basis. Respondent, Kyle Kissack, however, contends that, pursuant to our decision in *People v. Eckhardt*, 127 Ill. 2d 146 (1989), section 5–6–1(d)(3) has been interpreted to mean that a sentence of court supervision is prohibited only if the previous plea of guilty to reckless driving was the result of a plea agreement whereby a charge of driving under the influence was reduced or otherwise disposed of. On this point, I agree with respondent.

In *Eckhardt* we were asked to decide whether section 5–6–1(d)(3) violated equal protection guarantees provided by both the United States Constitution (U.S. Const., amend. XIV) and the Illinois Constitution (Ill. Const. 1970, art. I, §2). The defendant in *Eckhardt* contended that section 5–6–1(d)(3) violated equal protection principles because it treated those who were found guilty of reckless

-10-

driving pursuant to a plea agreement differently than those who were convicted of the same offense after entering a blind plea or having gone to trial, with respect to their eligibility for supervision on a subsequent section 11–501 (driving under the influence of alcohol) charge.

Addressing this claim, we first noted that the equal protection guarantee does not prevent different classes of people from being treated differently, as long as there is a reasonable basis for distinguishing the class to which the law applies from the class to which the statute is inapplicable. *Eckhardt*, 127 Ill. 2d at 151; *People v. Coleman*, 111 Ill. 2d 87, 95 (1986). Thus, we said, a legislative classification will be upheld against an equal protection challenge if any set of facts can reasonably be conceived which will sustain the classification. *Eckhardt*, 127 Ill. 2d at 151. We further noted that, where a suspect classification or a fundamental right is not involved, the legislation need only be rationally related to a legitimate state interest to survive an equal protection challenge. *Eckhardt*, 127 Ill. 2d at 151.

Applying these standards, we initially held that there was a rational basis for differentiating between persons who have plea bargained to reckless driving and those who have entered a blind plea to reckless driving. Plea bargaining typically results in a reduction of the initial charge. Thus, we concluded that persons who plea bargained were given some consideration for the agreement to plead guilty which persons who entered blind pleas did not receive. We further found that section 5–6–1(d) was rationally related to the state's legitimate goal of promoting highway safety. We said:

> "The thrust of this statute is to prevent repeat drunk driving offenders from driving and endangering the lives of motorists on Illinois highways. This is a legitimate goal that is well within the State's police powers." *Eckhardt*, 127 Ill. 2d at 151-52.

We then went on to state:

> "The next focus of inquiry is whether the denial of supervision to those who, pursuant to a plea agreement, have pled guilty to, or stipulated to facts supporting a charge or a finding of guilty of, a violation of section 11–503 (reckless

driving) within the last five years is rationally related to the goal of highway safety. Reckless driving is a Class B misdemeanor. (Ill. Rev. Stat. 1985, ch. 95½, par. 11–503(b).) Driving under the influence is a Class A misdemeanor for a first offense in addition to administrative penalties. (Ill. Rev. Stat. 1985, ch. 95½, par. 11–501(c).) *The obvious focus of the prohibition of supervision found in section 5–6–1(d) of the Unified Code of Corrections is to preclude supervision not only to those who had previously been convicted of driving under the influence, but also to those who had been charged with that offense and plea bargained for the lesser offense of reckless driving.* A person who has plea bargained to a charge of reckless driving is thus in a different position from a person who has entered a blind plea to a reckless driving charge. We find that section 5–6–1(d) is rationally related to the State's legitimate goal of promoting highway safety. In view of our analysis of the purpose of the statute, we find no equal protection violation." (Emphasis added.) *Eckhardt*, 127 Ill. 2d at 152-53.

In responding to the equal protection challenge in *Eckhardt*, we construed section 5–6–1(d) in a way which would preserve its constitutionality. Doing so, we held that the statute was rationally related to a legitimate state interest when applied to "those who had been charged with [driving under the influence] and plea bargained for the lesser offense of reckless driving." The majority errs when it finds that, in *Eckhardt*, "we simply made statements about the broad focus of section 5–6–1(d) in the context of determining whether it was rationally related to the state's goal of promoting highway safety." Slip op. at 7.

The majority holds that the *Eckhardt* court "conclusively resolved the defendant's equal protection claim by finding that the groups at issue were not similarly situated." Slip op. at 6. The majority then states that the *Eckhardt* court "nevertheless went on to find that section 5–6–1(d) was rationally related to the state's legitimate goal of promoting highway safety," relegating the *Eckhardt* court's finding of a rational basis for the legislation to mere *dicta* which need not be followed. Slip op. at 6-7. I cannot agree.

-12-

I agree that a person who plea bargains to reckless driving is differently situated than a person who enters a blind plea or is prosecuted and convicted of reckless driving. But, as *Eckhardt* recognized, the reason why it is appropriate to treat a person who plea bargains more harshly (denying them supervision) is because of the presumption that the person who plea bargains to reckless driving was, in fact, charged with DUI, could have been found guilty on that charge, but was able to obtain a reduction of that charge. The opposite is true for a person who enters a blind plea or goes to trial and is convicted of reckless driving. In these case, the presumption is that the person was either not charged with DUI or that there was insufficient evidence to support a conviction for DUI.

The rational basis determination in *Eckhardt* was not simply empty musings or meaningless *dicta*. It was essential to its finding of constitutionality. Pursuant to *Eckhard*, the constitutionality of section 5–6–1(d)(3) is sustainable only if the respondent's previous plea to reckless driving was part of a plea agreement calculated to avoid a conviction for DUI. By overruling *Eckhardt*'s finding of a rational basis, the majority is calling into question whether the statute survives equal protection scrutiny. Indeed, the majority's interpretation renders the statute potentially unconstitutional.

To the extent that the circuit court interpreted the statute as requiring the respondent's prior plea to reckless driving to be part of a plea agreement to reduce or dismiss a prior charge of DUI, I would affirm the court's judgment. I believe, however, that the circuit court's application of the statute, as interpreted, to the facts of the case at bar, was incorrect. The record shows that the State produced evidence which showed that respondent was charged in 2002 with DUI and reckless driving. At that time, respondent pled guilty to reckless driving and the DUI charge was dismissed "pursuant to agreement." Although the sentencing statement for this earlier plea does not explicitly provide that the plea to reckless driving was in exchange for the State's agreement to dismiss the DUI charge, that is a reasonable interpretation of the court's 2002 sentencing order. Thus, section 5–6–1(d)(3), even when interpreted as stated above, applies in this instance. Accordingly, I join in the majority's decision to grant the State's petition for a writ of *mandamus*.

-13-

JUSTICE FREEMAN joins in this special concurrence.