2020 IL App (2d) 190766
No. 2-19-0766
Opinion filed August 4, 2020

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MATTEO CONSTRUCTION COMPANY, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 17-CH-433 |
| | ) | |
| TECKLER BLVD DEVELOPMENT SITE, | ) | |
| LLC; FIRST BANK; KING KONCRETE, | ) | |
| INC.; GESKE AND SONS, INC.; IRISH | ) | |
| TONY II, INC.; STORAGE STRUCTURES, | ) | |
| INC.; HELSONS GARAGE DOORS; AURIS | ) | |
| CONSTRUCTION AND DEVELOPMENT, | ) | |
| INC.; HAMBY BLAST AND SEAL, INC.; | ) | |
| JANUS INTERNATIONAL GROUP, LLC; | ) | |
| ANCHOR PLUMBING, INC.; AIR BLUE | ) | |
| HEATING AND COOLING, INC.; ALARM | ) | |
| SPECIALTIES AND PROTECTION, INC.; | ) | |
| 3 DIMENSION CONSTRUCTION | ) | |
| MANAGEMENT, INC.; UNKNOWN | ) | |
| OWNERS and NONRECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable, |
| (Teckler Blvd Development Site, LLC, | ) | Michael J. Chmiel |
| Defendant-Appellee). | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court, with opinion.
Justices Jorgensen and Bridges concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff, Matteo Construction Company, appeals the trial court's dismissal of its complaint seeking to foreclose a subcontractor's lien under section 28 of the Mechanics Lien Act (Act) (770 ILCS 60/28 (West 2014)) against defendant, Teckler Blvd Development Site, LLC (Teckler), the owner of the property. The trial court found that plaintiff did not properly perfect its lien because it failed to wait 10 days after giving Teckler notice before recording it. We reverse and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3 On February 23, 2016, plaintiff sent a copy of its claim of lien to Teckler's owner by certified mail. The claim provided the (1) parties' names, (2) property description, (3) work performed, and (4) amount due. The lien was for excavation and grading services that plaintiff, pursuant a November 2014 contract, provided in the construction of a self-storage facility owned by Teckler. Plaintiff recorded its claim of lien on February 25, 2016. Teckler received the mailed notice of claim the next day, on February 26, 2016.

¶ 4 On June 1, 2017, plaintiff filed its complaint to foreclose its lien. Plaintiff's operative complaint included three counts: count I was brought against all defendants—including the general contractor, 3 Dimension Construction Management, Inc. (3DCM)—to foreclose the lien; count II alleged breach of contract against 3DCM; and count III was brought against Teckler, alleging *quantum meruit*. Plaintiff alleged that (1) all work was substantially complete on December 19, 2015; (2) as of February 25, 2016, 3DCM was wrongfully withholding a balance due on the contract; and (3) it was entitled to a lien on the premises.

¶ 5 Teckler moved to dismiss plaintiff's complaint. First, Teckler claimed that plaintiff failed to perfect its lien under the Act by failing to wait 10 days from the date of notice to Teckler to record the claim of lien. Second, Teckler argued that a subcontractor has no cause of action based

on *quantum meruit* against the property owner. Plaintiff responded that it complied with the Act but conceded that it could not recover on a theory of *quantum meruit*.

¶ 6 On May 15, 2019, the trial court granted the motion to dismiss count I, finding that, under the plain language of the Act, plaintiff was required to wait 10 days from the date of notice to Teckler before recording the claim of lien. Because plaintiff did not do so, the lien was not properly perfected. The court also dismissed count III (*quantum meruit*).

¶ 7 Plaintiff's motion to reconsider was denied. Plaintiff voluntarily dismissed count II against 3DCM and now appeals.

¶ 8                                     II. ANALYSIS

¶ 9                         A. Timing of Recording of the Lien

¶ 10 Plaintiff contends that the trial court erred in determining that the plain language of the Act required, for perfection of plaintiff's lien, that plaintiff wait 10 days after sending notice of its claim of lien before recording the claim. Teckler defends the trial court's interpretation, arguing that the lien was improperly perfected, because it was prematurely recorded. The matter is one of statutory construction. We review *de novo* matters of statutory construction. *People ex rel. Madigan v. Kinzer*, 232 Ill. 2d 179, 184 (2009).

¶ 11 As it applies to subcontractors, section 24 of the Act requires any person furnishing labor or materials to give written notice of that person's claim to the owner within 90 days of the final delivery of the material or labor. 770 ILCS 60/24(a) (West 2014). Service of such written notice is a condition precedent to obtaining and perfecting a mechanic's lien claim. See *Suddarth v. Rosen*, 81 Ill. App. 2d 136, 139 (1967).

¶ 12 The parties' dispute concerns the timing requirements found in section 28 of the Act for enforcement of a lien after notice is given. That section is specific to subcontractors and provides:

"*If any money due to the laborers, materialmen, or sub-contractors be not paid within 10 days after his notice is served as provided in sections 5, 24, and 25, then such person may file a claim for lien or file a complaint and enforce such lien within the same limits as to time and in such other manner as hereinbefore provided for the contractor in section 7 and sections 9 to 20 inclusive, of this Act,* or he may sue the owner and contractor jointly for the amount due in the circuit court, and a personal judgment may be rendered therein, as in other cases." (Emphasis added.)[1] 770 ILCS 60/28 (West 2014).

¶ 13    Section 7, which is generally applicable to contactors, provides:

"No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or incumbrancer or purchaser, unless within 4 months after completion, *** he or she shall either bring an action to enforce his or her lien therefor or shall file in the office of the recorder of the county in which the building, erection or other improvement to be charged with the lien is situated, a claim for lien, verified by the affidavit of himself or herself, or his or her agent or employee, which shall consist of a brief statement of the claimant's contract, the balance due after allowing all credits, and a sufficiently correct description of the lot, lots or tracts of land to identify the same. *Such claim for lien may be filed at any time after the claimant's contract is made, and as to the owner may be filed at any time after the contract is made and within 2 years after the completion of the contract,*

---

[1] Plaintiff did not seek a personal judgment against Teckler's owners. It did request, in the alternative, a personal judgment against the owners of 3DCM should foreclosure of the lien be insufficient to pay the balance due.

*** and as to such owner may be amended at any time before the final judgment." (Emphasis added.) *Id.* § 7(a).

¶ 14    Section 9 provides that a contractor holding a lien may bring suit to enforce the lien if payment is not complete when payment becomes due. *Id.* § 9. Such suit shall be commenced within two years after contract completion. *Id.*

¶ 15    "The purpose of the Mechanics Lien Act is to protect those who in good faith furnish labor or materials for construction of buildings or public improvements." *Premier Electrical Construction Co. v. American National Bank of Chicago*, 276 Ill. App. 3d 816, 821 (1995). The Act balances the owner's benefit of its bargain with the subcontractor's right to be paid for labor and materials that he or she furnishes in good faith. *Id.* "The Act's technical and procedural requirements must be strictly construed because mechanic's liens are a statutory creation. *Id.* at 821-22. "Once the statutory requirements are met, however, the Act should be liberally construed to carry out its remedial purpose." *Id.* at 822.

¶ 16    "The fundamental objective of statutory construction is to ascertain and give effect to the intent of the legislature." *Madigan*, 232 Ill. 2d at 184. "The best indication of legislative intent is the statutory language given its plain and ordinary meaning." *Id.* "When statutory language is plain and unambiguous, the statute must be applied as written without resort to aids of statutory construction." *Id.* A court may not depart from a statute's plain language by reading into it exceptions, limitations, or conditions that the legislature did not express. *Id.* at 184-85.

¶ 17    Plaintiff argues that it complied with section 28 of the Act because, although it did not wait 10 days after notice to record its lien, it did wait more than 10 days to file suit to enforce it. Plaintiff further notes that, per section 24, it provided notice within 90 days of completion of the work and that it also recorded the lien in compliance with section 7, which allows a claim for lien to be filed

at any time after the contract is made and within 4 months after completion of the work. Plaintiff then timely filed suit within 2 years as required by section 9. Two cases from other districts support plaintiff's position.

¶ 18    In *A.Y. McDonald Manufacturing Co. v. State Farm Mutual Automobile Insurance Co.*, 225 Ill. App. 3d 851 (1992), the plaintiff subcontractor recorded a claim for lien under section 28 and then served the defendant property owner with notice the same day. The owner argued that the notice was insufficient because the subcontractor was required to wait 10 days under section 28 before recording the lien. The Fourth District held that the plaintiff complied with the Act. The court stated:

> "Section 28 of the Act addresses the requirements for the recording and enforcement of liens and not notice. [Citation.] It does not require that section 24 notice predate recording by 10 days but rather that a claim for lien *or* a complaint to enforce a lien may be filed 10 days after notice if payment has not been made. Plaintiff filed its lien and sent notice to [defendant] on February 19, 1987. It then filed its complaint to enforce its lien on October 13, 1987, more than 10 days after notice to [defendant]. Therefore, plaintiff has complied with section 28 of the Act. Section 24 does not impose any timing requirements for the giving of notice *vis-a-vis* recording of the lien." (Emphasis added.) *Id.* at 856.

¶ 19    In *Cordeck Sales, Inc. v. Construction Systems, Inc.*, 382 Ill. App. 3d 334 (2008), a subcontractor recorded its lien and sent notice on the same day but waited more than 10 days to file suit to enforce the lien. The property owner argued that the lien was not properly perfected because the subcontractor failed to comply with the timing requirements of section 28. The First District adopted the analysis in *A.Y. McDonald* and held that the subcontractor complied with the Act. The court noted that the subcontractor filed its complaint to enforce the lien more than 10

days after giving notice; thus, the mere fact that the subcontractor recorded its claim and sent notice on the same date provided the court with no reason to invalidate the claim. *Id.* at 392-93.

¶ 20    Following *A.Y. McDonald* and *Cordeck*, we hold that the trial court erred when it determined that plaintiff failed to comply with the timing requirement of section 28. The holdings of *A.Y. McDonald* and *Cordeck* are consistent with the plain language of section 28, which provides timing limitations using the term "or." Specifically, if a subcontractor is not paid within 10 days after serving notice, it may file a claim for lien "or" file a complaint to enforce its lien under sections 7 and 9 to 20. "The word 'or' is disjunctive." *Elementary School District 159 v. Schiller*, 221 Ill. 2d 130, 145 (2006). Used in its ordinary sense, the word "or" expresses an alternative, indicating that the various parts of the sentence that it connects are to be taken separately. *Id.* Simply put, "or" means "or." *Id.* That disjunctive connotes two different alternatives. *Id.*

¶ 21    Here, plaintiff, under the second alternative in section 28, filed suit to enforce the lien after 10 days had expired. Further, section 7, which is specifically referenced in section 28, states that a contractor may file its claim for lien at any time after the contract is made. To hold that section 28 does not allow a subcontractor to record a claim for lien before 10 days elapsed after giving notice would essentially read that portion out of the Act.

¶ 22    Teckler argues that *Cordeck* erred in relying on the reasoning of *A.Y. McDonald* because a subsequent version of the Act abrogated *A.Y. McDonald's* analysis. The version in effect at the time of *A.Y. Mcdonald* provided that, if the money due is unpaid 10 days after notice, the subcontractor may "either" file a claim for lien or file a complaint to enforce such lien. Ill. Rev. Stat. 1989, ch. 82, ¶ 28 (cited in *A.Y. McDonald*, 225 Ill. App. 3d at 856). The word "either" was subsequently removed by Public Act 94-627 (eff. Jan. 1, 2006). Teckler contends that the removal

of the word "either" from section 28 indicates the legislature's intent to require the subcontractor to wait 10 days before it may file a claim of lien, which must be done to perfect the lien before a suit to enforce it can be filed.

¶ 23    Construing removal of the word "either" in this manner again ignores section 7, which allows for filing a claim of lien any time after the contract is made. Further, as the *Cordeck* court noted, the House sponsor of Public Act 94-627 stated:

> " 'For those of you who have had the misfortune of trying to read this piece … this statute [the Mechanics Lien Act], it's very confusing. The … it has been a patchwork of quilts … of patches put on this quilt over the past hundred years. *This Bill attempts to clarify the language without making significant substantive changes other than changes necessary to codify existing case law*, giving people who are reading the Mechanics Lien Statute the ability to simply read the statute and also at the same time to get an understanding and a statement of what the existing case law is interpreting this very old statute.' (Emphasis added.) 94 Ill. Gen. Assem., House Proceedings, May 31, 2005, at 17-18 (statement of Rep. Scully)." *Cordeck*, 382 Ill. App. 3d at 355.

Given that *A.Y. McDonald* was decided before the amendment, the representative's comments evidence the legislature's intent to codify its holding, not change it. Accordingly, the trial court erred when it determined that plaintiff failed to perfect its lien by prematurely recording it. Section 28 allowed plaintiff, 10 days after notice, to either file its claim of lien or file suit to enforce the lien. Plaintiff waited 10 days before filing suit. Plaintiff complied with section 28.

¶ 24                                    B. Sufficiency of the Notice

¶ 25    Teckler contends that, even if the timing requirements were satisfied, plaintiff's notice was deficient. Specifically, Teckler argues that plaintiff, by serving Teckler with a copy of its claim for lien, improperly provided notice under section 25 of the Act, instead of notice under section 24 of the Act. Teckler argues that only section 25 of the Act (770 ILCS 60/25 (West 2014)) allows a subcontractor to serve notice on an owner not residing in the county by recording a claim of lien.

¶ 26    Sections 24 and 25, which both apply to subcontractors, permit different forms of notice based on the circumstances. Section 24 requires that, within 90 days of the completion of work, "a written notice of [the subcontractor's] claim and the amount due or to become due thereunder, [must] be sent by registered or certified mail, with return receipt requested, and delivery limited to addressee only, to or personally served on the owner of record." *Id.* § 24(a). Section 24 further provides:

> "The form of such notice may be as follows: To (name of owner): You are hereby notified that I have been employed by (the name of contractor) to (state here what was the contract or what was done, or to be done, or what the claim is for) under his or her contract with you, on your property at (here give substantial description of the property) and that there was due to me, or is to become due (as the case may be) therefor, the sum of $......
>
> Dated at……….this……….day of……….,
>
> (Signature)………." *Id.*

¶ 27    Section 25(a) provides:

> "In all cases where the owner of record *** cannot, upon reasonable diligence, be found in the county in which said improvement is made, or shall not reside therein, the sub-contractor *** may give notice to such persons who cannot be found by filing within 90 days after the completion of his or her contract with the contractor *** in the office of the

recorder a claim for lien verified by the affidavit of himself or herself, or his or her agent or employee, which shall consist of a brief statement of his or her contract or demand, and the balance due after allowing all credits, and a sufficient correct description of the lot, lots or tract of land to identify the same. An itemized account shall not be necessary." *Id.* § 25(a).

Under section 25(b), the recorded notice "shall satisfy the notice requirements of Section 24 of this Act only as to any owner of record ****, who or which cannot, upon reasonable diligence, be found or shall not reside in the county in which said improvement is made." *Id.* § 25(b).

¶ 28    The record is unclear whether plaintiff would have been permitted to proceed under section 25. In any event, plaintiff did not claim to have given notice by the act of recording a claim for lien as provided for by section 25; instead, plaintiff served Teckler with a copy of the claim of lien in satisfaction of the section 24 notice requirements. We note that section 24 does not mandate a specific form for the notice, but instead lists required items to be included in the notice and provides a suggested form. Even though the suggested form was not used, plaintiff's claim of lien met the requirements of section 24 because the form provided the (1) parties' names, (2) property description, (3) work performed, and (4) amount due. Plaintiff then served it on Teckler's owner by certified mail as required. Because the notice met the requirements of section 24, it was valid.

¶ 29    At oral argument, Teckler suggested for the first time that the notice was invalid because it was not also served on its local agent. But plaintiff served notice on Teckler's owner under section 24, and no issue concerning lack of service on the agent was raised in the trial court or in Teckler's brief. "Issues concerning alleged error not raised in the trial court, nor even argued in the appellant's brief, cannot be raised for the first time in oral argument." *Spirn v. Joseph*, 144 Ill. App. 3d 127, 130 (1986). Accordingly, this argument is forfeited.

¶ 30                               B. Necessary Parties

¶ 31    Finally, Teckler argues that, when plaintiff dismissed count II against 3DCM, plaintiff was no longer in compliance with the Act's requirement that suits be filed jointly against the contractor and owner. See 770 ILCS 60/11, 28 (West 2014). This contention, however, is belied by the record in that count I, which sought to enforce the lien, was brought against all defendants, including 3DCM.

¶ 32    At oral argument, Teckler argued for the first time that 3DCM was not properly served with the notice of appeal and suggested that this deprived us of jurisdiction. However, "[t]he failure to serve a copy of the notice of appeal upon an opposing party does not deprive the appellate court of jurisdiction because the only jurisdictional step in appealing a final judgment is the filing of the notice of appeal." *Simmons v. Chicago Housing Authority*, 267 Ill. App. 3d 545, 551 (1994). "An appeal will not be dismissed on the basis that the opposing party was not served with a copy of the notice of appeal unless there was evidence of prejudice to that party." *Id.* The record shows that Teckler served its appearance on 3DCM's attorney, and Teckler conceded at oral argument that 3DCM had been a reluctant participant in the litigation. Moreover, Teckler has not argued that 3DCM is a necessary party to the appeal and that its absence prejudices Teckler. Accordingly, we reject this argument.

¶ 33                               III. CONCLUSION

¶ 34    The trial court erred when it dismissed the complaint based on the timing requirements of section 28. Accordingly, the judgment of the circuit court of McHenry County is reversed and remanded for further proceedings.

¶ 35    Reversed and remanded.

---

**No. 2-19-0766**

---

| | |
|---|---|
| **Cite as:** | *Matteo Construction Co. v. Teckler Blvd Development Site, LLC*, 2020 IL App (2d) 190766 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of McHenry County, No. 17-CH-433; the Hon. Michael J. Chmiel, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Michael Resis, of SmithAmundsen LLC, of Chicago, and Michael G. Cortina, of SmithAmundsen LLC, of Crystal Lake, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Joseph Gottemoller and V. Diane Mueller, of Gottemoller & Associates, of Crystal Lake, for appellee. |

---