2021 IL App (1st) 172254

FIFTH DIVISION
FEBRUARY 11, 2021

No. 1-17-2254

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | No. 02 CR 19506 |
| | ) | |
| GEORGE MACLIN, | ) | Honorable |
| | ) | Kenneth J. Wadas, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Presiding Justice Delort and Justice Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant-appellant George Maclin, convicted of first degree murder, appeals the denial

of leave to file his successive postconviction petition. On appeal, the defendant argues that he

established cause and prejudice sufficient to require consideration of his successive postconviction

petition alleging that he was unfit to stand trial. For the reasons that follow, we affirm the judgment

of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3    In 2007, the defendant was convicted of the 2002 first degree murder of Ernest McGhee

and sentenced to life imprisonment. The defendant's direct appeal was unsuccessful, as was his

2010 *pro se* postconviction petition, in which he alleged that he received ineffective assistance of

trial and appellate counsel and that the court erred in giving certain jury instructions.

¶ 4    On February 6, 2017, the defendant filed a *pro se* successive postconviction petition

alleging, *inter alia*, that he was deprived of due process of law when his trial counsel failed to

request a fitness hearing or psychiatric evaluation in order to determine the defendant's fitness to stand trial. In support of this argument, the defendant attached a detailed mitigation report that was prepared in October 2007 and submitted to the trial court in advance of sentencing. The report described the defendant's long history of head injuries, substance abuse, and psychiatric disorders, beginning in 1965. Specifically, the report indicated that the defendant had served in combat in Vietnam and later exhibited symptoms consistent with exposure to Agent Orange. The defendant first received psychiatric treatment in 1977 when he was incarcerated for murder and armed robbery. He was treated and medicated for depression, but upon completion of his sentence in 1983, there was no longer evidence of mental illness. The defendant returned to prison in 1986, and in 1989, while still in prison, he again sought treatment for depression.

¶ 5    The defendant also suffered at least six head injuries between 1965 and 1992, which led to dizziness and extreme headaches. In 1996, he suffered his most serious head injury, resulting in damage to his frontal lobe, multiple blunt trauma, and facial fractures. He required brain surgery that resulted in the insertion of a steel plate into his skull. Following the surgery, he developed mildly slowed cognitive processing and a seizure disorder.

¶ 6    Between 1992 and 2002, the defendant was in and out of treatment for substance abuse and suicidal ideation. During this time, the defendant was variously diagnosed with alcohol and cocaine dependence, post-traumatic stress disorder (PTSD), and depression.

¶ 7    While incarcerated and awaiting trial for the instant offense in 2004 and 2005, the defendant was diagnosed with PTSD, bipolar disorder, and a seizure disorder, for which he was prescribed several drugs, including, at one time or another, Depakote, Seroquel, Prozac, Trazadone, Klonopin, and Fluoxetin. The report is silent as to the defendant's mental state after March 2005.

¶ 8     In his petition, the defendant argued that his mental illness prevented him from raising his claim of unfitness in his first postconviction petition and maintained that his illness left him barely able to care for himself, even in a prison setting.

¶ 9     On August 4, 2017, the trial court dismissed the petition in a written order, finding that the defendant had not shown cause and prejudice for failure to raise this claim earlier. The defendant appealed.

¶ 10                                            ANALYSIS

¶ 11    We note that we have jurisdiction to review this matter, as the defendant timely appealed. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 12    The Post-Conviction Hearing Act (Act) allows a defendant who is imprisoned in a penitentiary to challenge his conviction or sentence on the grounds that it was the result of a denial of his constitutional rights. 725 ILCS 5/122-1 (West 2016). The Act ordinarily contemplates the filing of a single postconviction petition (*People v. Brown*, 2017 IL App (1st) 150132, ¶ 35) and explicitly states that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived" (725 ILCS 5/122-3 (West 2016)). This is because successive postconviction petitions " 'plague the finality of criminal litigation.' " *Brown*, 2017 IL App (1st) 150132, ¶ 36 (quoting *People v. Tenner*, 206 Ill. 2d 381, 392 (2002)).

¶ 13    Because successive postconviction petitions are so disfavored, a defendant must obtain leave of court prior to filing such a petition. 725 ILCS 5/122-1(f) (West 2016). And a court should grant leave only where a defendant can show either (1) cause and prejudice for failure to raise the claim earlier or (2) a " 'fundamental miscarriage of justice,' " also known as a claim of actual innocence. See *People v. Edwards*, 2012 IL 111711, ¶¶ 22-23. We review *de novo* a trial court's denial of leave to file a successive postconviction petition. *People v. Bailey*, 2017 IL 121450, ¶ 15.

¶ 14    In the defendant's successive postconviction petition, he contends that he was deprived of substantive due process where he was unfit to stand trial as a result of his mental illness and use of psychotropic medication. Before analyzing the merits of this claim, we must first consider whether the defendant has established cause and prejudice for the failure to raise this claim at an earlier stage. "Cause" is an objective factor that impeded the defendant's ability to raise the claim earlier (*People v. Guerrero*, 2012 IL 112020, ¶ 17), while "prejudice" occurs when the alleged constitutional error so infected the entire trial that the resulting conviction or sentence violates due process (*People v. Ortiz*, 235 Ill. 2d 319, 329 (2009)).

¶ 15    To establish cause, the defendant points to his mental illness, arguing that it left him unable to raise this claim earlier. But the defendant offers no specific details as to his mental condition during trial, at the time of his direct appeal, or when he was preparing his initial postconviction petition. Instead, he attached to his petition a mitigation report from October 2007, which itself only recounts his psychiatric history through March 2005. In the absence of specific and objective information as to the nature of his mental illness during the relevant time period that would have prevented him from raising this claim in an earlier proceeding, we cannot conclude that the defendant has shown cause. See *People v. Smith*, 2014 IL 115946, ¶ 35 (meeting cause and prejudice standard requires defendant to " 'submit enough in the way of documentation to allow a circuit court to make that determination' " (quoting *People v. Tidwell*, 236 Ill. 2d 150, 161 (2010))).

¶ 16    Moreover, according to his petition, the defendant *continues* to labor under a mental illness. He offers no explanation as to how the nature of his illness or medication changed between the time he filed his initial *pro se* postconviction petition in September 2010—when he was allegedly unable to state a claim of unfitness—and his successive *pro se* petition in February 2017—when

he successfully raised his claim that he was unfit to stand trial. While the defendant points out that his initial petition was "prepared by an inmate legal assistant" due to the defendant's "incapacitation," he does not describe the nature of that incapacitation and, indeed, suggests that he is *still* incapacitated, to the extent that he is "barely able to care for himself, even in a prison setting." In other words, the defendant's own allegations suggest that his impaired mental condition has been ongoing and little has changed in his mental condition between 2010 and 2017. We note that, in 2010, the defendant filed a cogent postconviction petition alleging numerous trial errors, including ineffective assistance of trial and appellate counsel and an error in the jury instructions. The defendant does not explain why he was able to raise those claims, but not the claim that he was unfit, which he now attempts to raise as an excuse for his failure to assert this earlier. As such, his ongoing mental illness does not establish cause for his failure to raise the unfitness claim earlier. And where the defendant has not shown cause, we need not address whether he has established prejudice.

¶ 17    To the extent the defendant argues that a claim of unfitness to stand trial does *not* require him to show cause, we disagree. Initially, the defendant argues that it is illogical and unfair to hold a mentally ill defendant to the burden of meeting the cause and prejudice standard for filing a successive petition. But the Act provides no exception to the requirements that must be satisfied for leave to file successive petitions (725 ILCS 5/122-1(f) (West 2016)), and to allow an exception based on mental illness would read language into the statute, which we cannot do (see *People ex rel. Madigan v. Kinzer*, 232 Ill. 2d 179, 184-85 (2009) (court may not depart from statute's plain language by "reading into it exceptions, limitations, or conditions the legislature did not express")).

¶ 18    The defendant further suggests that because the conviction of an unfit defendant violates substantive due process, it should not be subject to procedural default. For this proposition, he cites

*Adams v. Wainwright*, 764 F.2d 1356, 1359 (11th Cir. 1985), and *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995). But those cases apply federal *habeas* law addressing initial *habeas* petitions. In contrast, our supreme court has never held that an alleged due process violation, standing alone, dispenses with the need to prove cause and prejudice. To do so would turn the standard on its head, given that the sole purpose of the Act is to provide defendants with a method to assert violations of constitutional rights and that, for successive postconviction petitions, the method is the cause and prejudice test.

¶ 19                                    CONCLUSION

¶ 20    For the reasons stated, we affirm the circuit court of Cook County's denial of leave to file a successive postconviction petition.

¶ 21    Affirmed.

---

**No. 1-17-2254**

---

| | |
|---|---|
| **Cite as:** | *People v. Maclin*, 2021 IL App (1st) 172254 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 02-CR-19506; the Hon. Kenneth J. Wadas, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Lauren A. Bauser, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, and Jessica R. Ball, Assistant State's Attorneys, of counsel), for the People. |

---