2025 IL App (2d) 240393-U
No. 2-24-0393
Order filed January 29, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08-CF-383 |
| DION SPEARS, | ) ) ) | Honorable Keith A. Johnson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE MULLEN delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*: We agree with appellate counsel that this appeal presents no potential issue of arguable merit. Therefore, we grant counsel's motion to withdraw, and we affirm the trial court's order denying defendant leave to file his third successive postconviction petition.

¶ 2   Defendant, Dion Spears, appeals from an order denying him leave to file his third successive petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) for relief from his convictions of first degree murder (720 ILCS 5/9-1(a)(1) (West 2006)) and armed violence (*id.* § 33A-2(a)). The Office of the State Appellate Defender (OSAD),

appointed to represent him on appeal, has moved to withdraw. For the reasons below, we grant the motion and affirm the denial of leave to file the petition.

¶ 3                                    I. BACKGROUND

¶ 4       Following a jury trial in the circuit court of Kane County in May 2012, defendant was convicted of first degree murder and armed violence in connection with the fatal shooting of Derrick Bey at a banquet facility in Elgin. Defendant was also convicted of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2006)).

¶ 5       The shooting occurred on February 3, 2008. While fleeing the scene, defendant was struck by a motor vehicle, sustained serious injuries including brain trauma, and lost the ability to speak. Defendant was initially hospitalized, then transferred to a rehabilitation facility. On February 13, 2008, the State charged defendant by complaint with several offenses based on a gun and drugs being found in his possession after the incident. Because of defendant's condition, he was not arrested at that point. After defendant's condition had improved and he could speak, a fitness evaluation was conducted. The medical professional who conducted the evaluation concluded that defendant was physically able to stand trial.

¶ 6       Defendant was arrested in March 2009. In April 2009, a Kane County grand jury returned a multicount indictment charging defendant with, *inter alia*, first degree murder and the other offenses of which he was ultimately convicted. Defendant unsuccessfully moved to dismiss the charges on the basis that his right to a speedy trial had been violated.

¶ 7       After the jury returned its guilty verdicts, the trial court sentenced defendant to concurrent prison terms of 16 years for armed violence and 3 years for unlawful possession of a controlled substance, both terms to be served consecutively with a 57-year prison term for first degree murder. Defendant appealed, arguing that (1) the State failed to prove his guilt beyond a reasonable doubt,

(2) the trial court erred in denying his motion to sever the charges, (3) the court erred in admitting certain evidence, and (4) defendant's conviction of unlawful possession of a controlled substance violated the one-act, one-crime rule. We vacated the conviction of unlawful possession of a controlled substance but affirmed the remaining convictions. *People v. Spears*, 2014 IL App (2d) 120817-U (*Spears I*).

¶ 8    In September 2015, defendant filed a *pro se* petition for relief under the Act, claiming that he received ineffective assistance of counsel at trial when his attorney (1) failed to object to hearsay evidence that violated his right to confront the witnesses against him, (2) failed to challenge the February 2008 complaint, and (3) failed to challenge the constitutionality of a statutory sentencing enhancement based on defendant's use of a firearm in the commission of the murder. Defendant also claimed that he received ineffective assistance of counsel on appeal in that counsel (1) failed to argue that defendant received ineffective assistance of trial counsel and (2) failed to challenge the denial of defendant's motion to dismiss the charges based on speedy-trial grounds. Defendant further claimed that the charges should have been dismissed due to preindictment delay. The trial court summarily dismissed the petition, and we affirmed. *People v. Spears*, 2018 IL App (2d) 151162-U (*Spears II*).

¶ 9    In January 2019, defendant filed a successive postconviction petition, arguing that his convictions were invalid because they were based on void statutes. The trial court dismissed the petition because defendant failed to seek leave to file it. Defendant appealed, and OSAD was appointed to represent him. The attorney assigned to represent defendant moved to withdraw. We granted the motion and affirmed the dismissal of defendant's successive petition. *People v. Spears*, No. 2-19-0383 (2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)) (*Spears III*).

¶ 10    While *Spears III* was pending, defendant moved for leave to file a second successive postconviction petition, which claimed, *inter alia*, that the trial court violated defendant's constitutional rights by failing to hold a hearing to determine whether he was fit to stand trial. The trial court denied the motion. Defendant appealed, and OSAD was appointed to represent him. Again, the attorney assigned to represent defendant moved to withdraw. We granted the motion and affirmed the denial of leave to file. *People v. Spears*, No. 2-21-0381 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)) (*Spears IV*).

¶ 11    In December 2022, defendant moved for leave to file a third successive postconviction petition. In the accompanying petition, defendant claimed that, in light of the traumatic brain injury he suffered while fleeing the scene of the shooting, his lengthy prison sentence constituted cruel and unusual punishment in violation of the eighth amendment to the United States Constitution (U.S. Const., amend VIII) and the proportionate penalties clause of our state constitution (Ill. Const. 1970, art. I, § 11). In his motion for leave to file, defendant asserted that his traumatic brain injury was "the 'cause' for [his] failure to articulate the [constitutional] claim earlier." The trial court denied leave to file the petition, defendant appealed, and OSAD was again appointed to represent him.

¶ 12                                    II. ANALYSIS

¶ 13    Appellate counsel moves to withdraw per *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993). In her motion, counsel states that she read the record and found no issue of arguable merit. Counsel further states that she advised defendant of her opinion. Counsel supports her motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments about why those issues lack arguable merit. We advised defendant that he had 30 days to respond to the motion. Defendant has filed a response.

¶ 14    Counsel considered whether there is a potentially meritorious basis for arguing either that (1) defendant met the requisites for obtaining leave to file his third successive petition or (2) the trial court committed a procedural error in denying the motion for leave to file. We agree with counsel that either argument would be frivolous.

¶ 15    Section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2020)) provides:

"Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process."

¶ 16    Here, there is no potentially meritorious basis for arguing that defendant demonstrated cause for his failure to raise, in his initial petition, his claim that his sentence violated the eighth amendment and the proportionate penalties clause. In his motion for leave to file his third successive petition, defendant asserted that his traumatic brain injury was cause for his failure to raise the sentencing challenge earlier. This is not the first time defendant has blamed his traumatic brain injury for such delay: in his motion for leave to file his *second* successive petition, defendant cited that injury as cause for his failure to earlier raise his claim that the trial court should have held a hearing to determine his fitness to stand trial. We rejected that claim of cause:

"[D]efendant contends that the traumatic brain injury he suffered while fleeing the scene has prevented him from raising [the claims in the second successive petition] earlier.

However, *** there is simply no evidence in support of this assertion. The trial court never expressed a *bona fide* doubt of defendant's fitness. An evaluation found defendant fit. Defendant was able to prepare and file two prior postconviction pleadings. And the current pleading includes no expert opinions or other evidence to support defendant's claim that he continues to experience a cognitive deficit as a result of the accident." *Spears IV*, No. 2-21-0381 (2022), ¶ 18.

Our reasoning in *Spears IV* is equally applicable in this context.

¶ 17   In addition, we find support in *People v. Maclin*, 2021 IL App (1st) 172254. In that case, the defendant sought leave to file a successive postconviction petition alleging that his 2007 trial for first degree murder violated his right to due process because, despite a history of substance abuse, psychiatric disorders, and (of particular relevance here) head injuries, he did not receive a hearing or an evaluation to determine his fitness to stand trial. *Id.* ¶ 4. The defendant's conditions were documented in a mitigation report, but the report was silent as to the defendant's mental condition after 2005. *Id.* ¶¶ 4, 7. The *Maclin* court concluded that the defendant failed to establish cause for his failure to raise the claim in his initial petition:

"To establish cause, the defendant points to his mental illness, arguing that it left him unable to raise this claim earlier. But the defendant offers no specific details as to his mental condition during trial, at the time of his direct appeal, or when he was preparing his initial postconviction petition. Instead, he attached to his petition a mitigation report from October 2007, which itself only recounts his psychiatric history through March 2005. In the absence of specific and objective information as to the nature of his mental illness during the relevant time period that would have prevented him from raising this claim in an earlier proceeding, we cannot conclude that the defendant has shown cause." *Id.* ¶ 15.

¶ 18    Similarly, here, defendant offered only the vague assertion that his traumatic brain injury impeded his ability to raise his eighth-amendment/proportionate-penalties challenge in his initial postconviction petition. Defendant offered no detail as to the effect of the brain injury on his cognitive functioning when he filed his initial petition.

¶ 19    In his response to the motion to withdraw, defendant argues that his attached medical report shows how his traumatic brain injury "impaired [his] ability to aid in [his] defense." First, we note that defendant's third successive postconviction petition raised no issue concerning defendant's ability to assist in his defense. Second, the attached medical report was prepared the same day defendant sustained his brain injury: February 3, 2008. It has little, if any, bearing on defendant's ability to assist with his defense at his May 2012 trial, let alone on whether his brain injury was cause for omitting his eighth-amendment/proportionate-penalties claim in his initial postconviction petition filed in 2015. Also attached to defendant's response is a copy of his 2010 handwritten *pro se* motion to discharge trial counsel. In it, defendant complained, in effect, that counsel was neglecting his case. He added, "I feel as though [trial counsel] is trying to take advantage of my condition cause [*sic*] I'm unable to speak clearly." Whatever difficulties defendant had with oral communication in 2010 have no bearing on whether his brain injury impeded his ability to raise particular claims in his initial petition filed in 2015.

¶ 20    We also agree with appellate counsel that the trial court committed no procedural errors that might arguably be grounds for appellate relief. Counsel notes that, when a trial court rules on a request for leave to file a successive postconviction petition, it must do so without any input from the State. See *People v. Bailey*, 2017 IL 121450 ¶ 40. Here, the court complied with that rule.

¶ 21    After examining the record, the motion to withdraw, the memorandum of law, and defendant's response, we agree with counsel that this appeal presents no issue of arguable merit.

Thus, we grant the motion to withdraw, and we affirm the judgment of the circuit court of Kane County.

¶ 22                                III. CONCLUSION

¶ 23    For the reasons stated, we grant the motion to withdraw, and we affirm the judgment of the circuit court of Kane County.

¶ 24    Affirmed.